## GWYNN vs. THOMAS—June, 1830.

G and T were seized in fee, as tenants in common, of a tract of land called the *Valley of Owen.* T contracted with G for the purchase of his moiety and paid the purchase money, upon which G executed and delivered to T, a deed for "all that one equal undivided half part of a tract of land called the *Valley of Owen,* which was sold by G to T (and which at the instance of the said T to secure the payment of the purchase money to M, G had conveyed to M by the name of *Glen Owen,* and the said purchase money being fully paid to M, the said M by deed, has this day conveyed to said T) together with all the advantages and appurtenances to the same belonging or in any wise appertaining, and all the estate, right, title and interest whatsoever, at law and in equity of the said G, of, in, and to the same." This deed also contained a covenant for further assurance. T filed his bill for further assurance, alleging that his deed did not convey to him a clear and undisputed title to the tract called the *Valley of Owen,* with all the advantages incident thereto, and as the same might be enjoyed under the original patent thereof. Held that this was a valid deed to pass to complainant all the right of G to a moiety of the tract of land called *Valley of Owen.*

APPEAL from the Court of Chancery.

The bill of the complainant, *Allen Thomas,* (the present appellee,) which was filed on the 3d of July, 1826, stated, that *William Gwynn,* (the appellant,) and the complainant, were entitled to a tract of land lying in *Anne Arundel* county, called "*The Valley of Owen,*" as tenants in common, and being so entitled, the complainant for the purpose of acquiring a title to the whole tract in severalty, contracted with the said *Gwynn* for the purchase of his moiety of said tract, for a large sum of money. That the complainant hath since paid the whole purchase money, and that said *Gwynn,* in colorable execution of his contract, on the 16th February, 1826, executed and delivered to a friend of complainant, acting in his behalf, a deed, a copy of which is exhibited, marked A, which said deed, complainant alleges, does not convey to him a clear and undisputed title to the said tract, called "*The Valley of Owen,*" with all the advantages incident thereto, and as the same might be enjoyed under the *original patent thereof.* That when apprised of

the defect in the conveyance so executed, the complainant caused application to be made to the said *Gwynn* for another conveyance, which should more perfectly execute the contract between him and complainant, but that said *Gwynn* refuses to make, or execute any other conveyance, though the deed already executed and exhibited, contains a clause for further assurance. *Prayer*, that the said *Gwynn* may be decreed to convey to complainant, the said tract called " *The Valley of Owen*," by a deed to be prepared under the direction of the Court of Chancery, and for general relief. *Exhibit* A, is the deed from the appellee to the appellant, bearing date on the 16th day of February, 1826, whereby, in consideration of the sum of $4200, paid by the appellee to the appellant, through the *Mechanics' Bank of Baltimore*, the appellant conveyed to the appellee in fee simple, the premises as described in the opinion of this Court.

The *answer* of *Gwynn* stated, that the whole tract called " *The Valley of Owen*," was conveyed to him by certain trustees appointed by the Court of Chancery, and of whom he had purchased, by deed bearing date on the 11th of February, 1814, an authenticated copy of which deed is exhibited with the answer. That, whilst the title to the whole tract was so vested in him, he, on the 9th of November, 1816, obtained a special warrant of resurvey, on the said tract called " *The Valley of Owen*," which was executed on the 24th of October, 1817; that whilst the surveyor was employed in executing the said warrant, the defendant being desirous of settling and quieting certain doubts, which existed as to the true location of the third line of the said tract, entered into an agreement, on the said 27th October, 1817, with the owners, or persons supposed to own lands binding on said line, to wit, *George Ellicott* and others, to adjust and fix the same; which agreement was reduced to writing, and signed by the respective parties concerned, and the said line was accordingly so adjusted, and was referred to and described by the surveyor in his certificate,

made in pursuance of the said warrant, and also in the patent, issued on the said certificate, so resurveyed by the name of "*Glen Owen,*" as appears by the said patent, which bears date on the first of February, 1819, a copy of which is exhibited, with the answer. The answer further states, that the defendant purchased the said tract from the said trustees, on joint account, with one *John Conrad,* of *Philadelphia,* who was to have a joint and equal interest with him, and who was to pay one-half of the purchase money; that after the said *Conrad* had paid a portion of his moiety of the said purchase money, his interest in the said land, was conveyed to other persons, by whom the residue of said *Conrad's* moiety was paid, and that subsequently the said moiety of the said *Conrad* became mortgaged on the 15th of October, 1819, to a certain *Henry Thompson* and *Talbot Jones,* and others, who filed a bill on the said mortgage, and on the 27th of July, 1820, a decree was passed for the sale of the said premises, and this defendant was appointed trustee for the purpose of selling the same, as by the proceedings in said cause will appear ; that the defendant, in his advertisement of sale, under said decree, described the said land, as one undivided moiety of a tract called "*Glen Owen,*" the name given to it on making the re-survey, and that the complainant was the highest bidder, and purchaser of the same at said sale, at $16 per acre, and by the name of "*Glen Owen,*" as will appear by a written acknowledgment of such purchase, signed by the complainant, herewith produced and exhibited; that in his report of the sale so made to the Chancellor, this defendant stated that he had sold the same to the complainant, as an undivided moiety of a tract of land called *The Valley of Owen,* and lately resurveyed by the name of "*Glen Owen,*" and that the complainant having complied with the terms, this defendant on the 10th of March, 1823, conveyed the same to him accordingly ; that on or about the 19th October, 1821, this defendant mortgaged his undivided half of the said tract of land by the name of "*Glen Owen,*" to *the Pre-*

sident *and Directors of the Mechanics' Bank of Baltimore,* and that after it was so mortgaged, and after the complainant had purchased the other undivided moiety as aforesaid, that is to say, in February, 1822, the defendant agreed to sell his undivided moiety of said land to the complainant, the defendant having previously ascertained that the *Mechanics' Bank* would confirm the sale, whereupon the complainant was authorised, and did take possession of the same. The defendant admits that he contracted to sell the said land by whatever name the same might be called, but insists that such contract and sale was made with full knowledge on the part of the complainant, of the resurvey, and the before mentioned agreement in writing, relative to the adjustment of one of the lines of said tract. The answer further states, that upon the payment of the mortgage debt to the said *Mechanics' Bank,* which debt was the consideration to be paid by the complainant to him for the said land, he, the defendant, at the request of the complainant, executed the deed referred to, and exhibited with the bill; and he submits whether he ought, under the circumstances, to make any other or further deed in the premises.

The exhibits filed with the answer it is not deemed necessary to set out, nor is it necessary to refer to the proof taken under the commissions which issued in the cause.

The general replication was filed to the answer.

*Bland, Chancellor,* (March term, 1827.)

It appears that the defendant, on the 11th of February, 1814, as a purchaser under decree of this Court, obtained a deed, and thus became legally seized in fee simple of the whole of a tract of land called " *The Valley of Owen.*" That of this tract, the legal title of which was thus vested in him, a certain *John Conrad,* was by agreement, entitled to one undivided moiety, which *Conrad* conveyed to *Edward Gray* and *Robert Taylor,* and by them it was transferred to the *Patapsco Manufacturing Company;* that they mortgaged it to *Henry Thompson, Talbot Jones* and others; and that it was afterwards, at the suit of these mortgagees,

(this defendant, *William Gwynn,* being a party to that suit,) sold under a decree of this Court; on which sale this plaintiff, *Allen Thomas,* became the purchaser, and has thus obtained a legal title in fee simple, to one undivided moiety of this tract called " *The Valley of Owen,*" as particularly appears by the order of the 20th of August, 1825, in that suit, and the deed of the 19th of September of the same year, (these papers were returned with the commission.)    Thus far this case is clear of all ambiguity or controversy.

But it appears by an agreement dated on the 24th of October, 1817, that the third line of this tract, called " *The Valley of Owen,*" separated lands wherein five distinct parties were interested ; that doubts were entertained by them as to its true location, and that it was the object of the agreement to fix its position beyond dispute.    Accordingly with this view, a warrant of resurvey was obtained by *William Gwynn* for this tract, called " *The Valley of Owen,*" by which its third line was located in pursuance of the agreement, and a certificate returned, and on the first of February, 1819, a patent obtained thereon for this land, by the name of " *Glen Owen.*"    It is this new name which has caused the confusion, and been the occasion of this suit.    But by bringing the direct rays of a few particulars to bear upon this matter, the mist which has obscured it, may be readily dispersed.

*William Gwynn,* it must be recollected, became seized of the whole of this tract of land by the name of " *The Valley of Owen,*" the one undivided moiety of which, by that name, we have traced from him into the hands of the plaintiff.    This bill alleges that after the plaintiff had obtained a title to one undivided moiety of " *The Valley of Owen,*" he purchased the other moiety of the same tract of the defendant.    This defendant in his answer says, that on the 19th of October, 1821, (which was some time after he had purchased the tract, and obtained a patent for it, by the name of " *Glen Owen,*") he mortgaged his moiety of it by the name of " *Glen Owen,*" to the *Mechanics' Bank;* and

after he had done so, he says in his answer, that he "admits that he agreed to sell and convey all his right, title, and estate, legal and equitable, in and to the said undivided moiety of the said tract of land, by whatsoever name it was or had been called, to the complainant; but charges that such agreement and sale was made, with a full knowledge on the part of the complainant, of the resurvey, the agreement in writing with *George Ellicott* and others, and the mortgage. This admission is corroborated by the proofs from which it appears, that the defendant agreed, and stipulated to sell his moiety of this tract of land to the plaintiff, by the name of " *The Valley of Owen.*"

It is perfectly clear then, that according to the contract, between these parties, as alleged, admitted and proved, this plaintiff is entitled to a conveyance from this defendant of the undivided moiety held by him of the tract of land called " *The Valley of Owen.*"

The operation of the agreement on which the resurvey was founded, and the effect of the notice which it is alleged the plaintiff had of that agreement, are matters foreign from present enquiry. The nature, and extent of the contract between the parties, has been clearly shewn and established. It has been complied with by the plaintiff, and he is therefore now entitled to have it fulfilled by the defendant.

*Decreed*, that the said defendant *William Gwynn* do, and he is hereby commanded forthwith, to convey by a good and valid deed, made, executed, acknowledged, and delivered, according to law, all his right, title, and interest, of, in and to the said undivided moiety of the tract of land in the proceedings mentioned, called " *The Valley of Owen*," unto the said plaintiff *Allen Thomas*, to have and to hold to him, his heirs, and assigns, in fee simple, &c. and that defendant pay complainant his costs.

From this decree, the defendant appealed to the Court of Appeals.

The cause was argued before Buchanan, Ch. J., and Earle, Stephen and Archer, J.

*Johnson*, for the appellant,·contended,

1. That the contract between the parties was only for the land included within a resurvey upon the said tract, in which said land was called " *Glen Owen.*"

2. That if it was otherwise, and the defendant below was bound to convey " *The Valley of Owen,*" he had before the filing of the complainant's bill done so, by his deed to the complainant of the 16th February, 1826.

3. That in any event, costs should not have been decreed against the defendant below.

4. The bill does not sufficiently show what other assurance or deed, the complainant wishes the defendant to execute. On the *first* point he referred to the act of 1786, *ch.* 33, *sec.* 6. On the *second* to 13 *Johns. Rep.* 359. *Gazley vs. Price,* 16 *Ib.* 267. *Miller vs. Parsons, Ib.* 336. On the *third,* to 9 *Johns. Reps.* 336.

*Magruder* and *Alexander* for the appellee, contended, that the deed of February, 1826, was not so free from ambiguity, that a reasonable doubt might not be entertained, whether it did, or did not convey " *The Valley of Owen,*" and therefore the grantee might call for another deed. The cases referred to on the other side, were cases at law for supposed breaches of covenant. It was not possible for the complainant to exhibit a deed to the defendant, such as he was entitled to, previously to the filing of the bill; the application to the Chancellor, being not only for a deed, but he was to prescribe such an one, as complainant was entitled to ; they referred to *Buchanan vs. Stewart,* 3 *Harr. and Johns.* 329; and on the question of costs, to *Jenour vs. Jenour,* 10 *Vesey,* 571.

Buchanan, Ch. J. delivered the opinion of the Court.

The complainant in this case, alleges a contract with *William Gwynn,* the appellant, for the purchase of an undi-

vided moiety of a tract of land called "*The Valley of Owen*," and states that the appellant, in colorable execution of his contract, had made to him a deed which he refers to, and exhibits as a part of his bill; but alleging that he has been advised it does not convey to him, a clear and indisputable title to the land called "*The Valley of Owen*," with all the advantages incident thereto, seeks to obtain another deed in execution of the contract, and in pursuance of the covenant for further assurance contained in the deed objected to, but without pointing out the supposed defects in that deed.

The premises conveyed by that deed, are described to be "all that one equal undivided half part, or moiety of a tract or parcel of land, lying in *Anne Arundel* county aforesaid, called "*The Valley of Owen*," which was sold by the said *William Gwynn*, to the said *Allen Thomas*, on the twelfth day of February, in the year 1822, (and which at his instance to secure the payment of the purchase money to the *Mechanics' Bank of Baltimore*, the said *William Gwynn* conveyed by the name of "*Glen Owen*," to *the President and Directors of the Mechanics' Bank of Baltimore*, and the said purchase money being fully paid to the said Bank, the said President and Directors, by deed of the same date, have conveyed to the said *Allen Thomas*,) together with all and singular, the buildings and improvements, ways, water courses, rights, privileges, advantages, and appurtenances thereto belonging, or in any wise appertaining; and all the estate, right, title, interest, trust, property, claim and demand, whatsoever, at law, and in equity of the said *William Gwynn*, of, in, and to the same." There is in the deed a special warranty with a covenant for such further and other deed, conveyance and assurance, as may reasonably be required, "for the better and more fully conveying and assuring to the complainant, his heirs and assigns, "all the right, title, estate and interest, at law and in equity, which the said *William Gwynn* can lawfully claim, in and to the said premises, with the appurtenances."

The appellant in his answer, among other things says, that he made the deed so referred to, and exhibited by the bill, at the request of the complainant, and submits to the Chancellor whether he ought, under the circumstances set out in his answer, to make any further deed.

Several commissions were issued, and evidence taken in the cause, and on final hearing the Chancellor decreed that the appellant should forthwith convey to the complainant by a good and valid deed, all his right, title and interest, of, in, and to one undivided moiety of the tract of land called " *The Valley of Owen,*" and that he should pay all the costs. From which decree, the case is brought by appeal to this Court.

In the view in which this case presents itself to us, it does not seem to be necessary to enquire into the nature and extent of the original contract between the parties, or whether the complainant was, or was not entitled to a conveyance of one undivided moiety of the tract of land called " *The Valley of Owen,*" under that contract, for admitting the contract to have been as alleged in the bill, and that he was entitled to a conveyance of an undivided moiety of " *The Valley of Owen,*" yet it does not appear to us, that he has any ground to stand upon in Chancery, or on which to erect a claim upon the appellant to do more than he has already done.

He admits that he has received from the appellant, a deed which he brings into Court, but demands of him to execute another, and calls on the Chancellor to enforce that demand. We have examined the copy of that deed exhibited with the bill, and are unable to discover in what it either is, or can be supposed to be, defective, either in form or substance, or as respects the name, or description of the land, but think it a good and valid deed to pass to the complainant in fee simple, all the right, title and interest of the appellant, in, and to one undivided moiety of the tract of land called " *The Valley of Owen.*"

The counsel for the complainant have not suggested a defect, nor told us in what it was supposed to be deficient, and it is only from what fell in argument from the counsel for the appellant, that we learn there was some imaginary inaccuracy in the description given in the deed, which we have not been able to detect. It is described as being one undivided moiety of a tract of land called "*The Valley of Owen*," which had before been conveyed to the *President and Directors of the Mechanics' Bank of Baltimore,* by the name of "*Glen Owen*," that is, which undivided moiety of "*The Valley of Owen*," had been conveyed by the name of "*Glen Owen*," which is a clear and perfect description of it, as one undivided moiety of "*The Valley of Owen.*" The complainant required no further deed, and the going into Chancery, to compel the defendant to make another, was a vexatious and unnecessary proceeding, and the bill ought to have been dismissed. The contract had been fulfilled, and it was unreasonable to drag the party into Chancery, to subject him to a decree to do what he had already done.

There should be some end to litigation, and Chancery should not be resorted to, for the purpose of unnecessarily harassing and subjecting a party to costs and charges, who has done all that he can properly be called on to do. The probability is, that the attention of the Chancellor was not called to the deed which had been given, but that he was left to suppose it was defective, and that another was necessary to the fulfilment of the contract, or looking to that deed, and seeing that it was not defective, but a good and sufficient conveyance in fee, to the complainant, of all the right and title of the appellant, to one undivided moiety of "*The Valley of Owen*," he would not, we presume, have entertained the bill. Bill dismissed with costs.

**DECREE REVERSED.**