## CLOYD LEWIS *vs.* ALEXANDER KINNAIRD, TRUSTEE.

*Extinguishment of Original Ground Rent as to Sub-Leased Lot—Description in Deed.*

When a lease executed more than seventy-five years ago made a nominal ground rent payable, if demanded, out of the demised premises and such rent has not been demanded for more than twenty consecutive years, it is presumed to have been extinguished.

The lease of a parcel of ground reserved an annual rent of $48 payable thereout. The holder of the leasehold estate sub-leased a part thereof reserving an annual rent of $37, and covenanted in the sub-lease that the lot should not be subject to any other rent. Afterwards the party entitled to the $37 rent acquired the title of the holder of the $48 rent and made a deed conveying and releasing to the owner of said sub-leasehold interest all claim and demand against the lot on account of the rent of $48 to the end that the lot may be subject to the payment of $37 and no more. *Held*, that the original rent of $48 has been extinguished as to the lot sub-leased.

654          LEWIS *vs.* KINNAIRD.

A parcel of ground owned by the grantor passes under his deed without any specific description when the deed purports to convey "all the property and estate whatsoever and whersoever situate" of the grantor.

*Decided December 20th, 1906.*

Appeal from the Circuit Court No. 2, of Baltimore City (WICKES, J.)

The cause was argued before MCSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*W. Harry Holmes,* for the appellant.

*Edwin W. Herrmann,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

There are six exceptions to the sale made by the appellee, trustee, in this case, filed on behalf of the appellant, the purchaser of the property, and they will be considered in their regular order.

The exceptions were overruled by the Circuit Court No. 2, of Baltimore City, and the sale was finally ratified and confirmed on the 29th day of May, 1906. And from the order so passed an appeal has been taken.

There is no dispute as to the facts—they are presented in the record on an agreed statement of facts signed by the attorneys for the respective parties.

The sale was under a decree of Court for the sale of mortgaged premises. The trustee sold under the decree three contiguous leasehold lots, each improved by a two story brick dwelling situate on Lexington street in Baltimore City. The second lot, 1020 West Lexington street, was purchased by the appellant, Cloyd Lewis, and he excepts to the ratification of the sale of the property made to him. The sale of the other two lots is not contested.

The property involved in dispute is the second lot, No. 1020, and is described as adjoining lot No. 1 on the west, with a front on Lexington street of 12 feet 6 inches and a

depth of 85 feet more or less, and subject to an annual ground rent of $37.50.

It is objected on the part of the appellant that the property was advertised and sold as leasehold property subject to an annual rent of $37.50, whereas it is sub-leasehold property, subject to a greater and different rent.

It is admitted in the agreed statement of facts that on November 12th, 1828, a lot 49 feet and 6 inches, including this one, was assigned by William Gwynn to Samuel Wood, subject to a ground rent of two pepper corns, if demanded. The title to the leasehold by mesne conveyance became vested in one Elizabeth Cole, who on October 24th, 1840, sub-leased the lot to Samuel Wood for the yearly ground rent of $48. Subsequently the title became vested in one Peter Kreis, who on September 1st, 1886, sub-leased a portion of the lot, including the lot here in dispute, to John B. Sommers, for the yearly rent of thirty-seven dollars and fifty cents. And in the sub-lease there is a covenant of protection as to any greater rent.

It further appears that one Louisa C. Overman owned both of the ground rents, herein mentioned, and the sub-lease was assigned to one John J. Kane, who mortgaged it to the appellee's testator, and under this mortgage, the lot was sold.

The principal objection urged by the appellee is that the property was sold as leasehold, subject to a ground rent of $37.50, whereas, as a matter of fact, it is subject to two additional ground rents, towit, a ground rent of two pepper corns, if demanded, under a lease dated the 12th of November 1828, and a further rent of $48 per annum under a sub-lease dated the 24th of October, 1840.

As to the objection to the title, because of "the ground rent of two pepper corns if demanded" we will say: The rent was created more than seventy-five years ago, and there is not a particle of evidence in the record to show that it has ever been demanded, If, however, the rent was of a substantial value, it would be barred by sec. 26, Art. 53 of the Code, which provides that whenever there has been no demand or payment

for more ·than twenty consecutive years of any specific rent reserved out of a particuiar lot, under any form of lease, such rent shall be conclusively presumed to have been extinguished, and the landlord shall not thereafter set up any claim thereto, or to the· reversion in the lot out of which it issued or have the right to institute any suit, action or proceeding whatsoever to recover the rent.

In *Speed* v. *Smith*, 4 Md. Chan. 299, the Chancellor said, in a case where the rent was of some value: "But seeing that the lease    *    *    is upwards of fifty-six years old and that no proof has been produced to show that this particular parcel of property is now held liable for the rent of $20 reserved by that lease, I cannot think it would be proper to conclude that it is so liable. The burden of proof is upon the exceptant, and I am by no means prepared to say, he has made his case out simply by the adduction of a lease executed more than half a century ago, without any proof whatever that the rent reserved by the lease has been exacted from the owner of this particular parcel."

The second objection to the title, on account of the rent of $48, reserved by the lease from Cole to Wood, dated October 24th, 1840, is also without merit.

This rent it appears was merged and extinguished upon the execution of a deed dated June 22nd, 1893, from one Scherm-erhorn to Louisa C. Overman, the then owner of the ground. rent of $37.50 reserved upon the lot. And it is admitted by the agreed statement of facts that it was the intention of Louisa C. Overman by this deed to merge and extinguish the $48 rent. The recitals in the deed from Mrs. Overman and husband, dated the 26th day of May, 1906, to Alexander Kinnaird, trustee, is conclusive against the objection here raised. ·

. This deed conveys and releases to the trustee "all the right, title, claim and demand" of the grantor, in and against the lot of ground, for or on account of the rent of $48 per annum, reserved under the original lease, "to the end that the lot of ground may and hereafter be subject to the payment to her

of the rent of $37.50 and no more, as reserved by the lease, it being the intention of the deed to remove all doubts as to the entire extinguishment of the rent of $48 by the deed from Schermerhorn to Overman."

Besides this, under the covenants in the lease, the lessees and their assigns are protected as against any greater rent, and in this case Mrs. Overman would be estopped by the deed from collecting the $48 rent out of the lot purchased by the appellant. *Connaughton* v. *Bernard*, 84 Md. 593; *Barnitz* v. *Reddington*, 80 Md. 622; *Wall* v. *Barroll*, 8 Gill, 239.

The remaining exceptions to the sale, we need notice, relate to the sufficiency of the description of the property in the deed, from Mary C. Kane and husband to Francis P. Kane, and in the mortgage from John J. Kane to Edgar H. Johnson, being a part of the property here in controversy.

While it may be conceded that there is no particular or very accurate description of the property mentioned in the deeds conveying the property, yet, we think it is sufficient, with the recitals in these conveyances, to identify and locate it with reasonable certainty. The deeds recite, "And also all the property and estate whatsoever and wheresoever situate and being of her, the said Mary C. Kane and howsoever, the same may have been acquired." "To have and to hold the said several lots as tenants by the entireties, and to have and to hold the chattels personally hereby assigned absolutely." The deed also recites "all those several pieces of ground and severally described."

The title of Mary C. Kane, the grantor in the original deed to the lot, is not disputed and there is nothing in the record to show that she did not own or could not give a valid deed to the lot conveyed by her to Francis P. Kane, and which he on the same day reconveyed to Mary C. Kane and husband, as tenants by the entireties.

The intention manifested and expressed on the face of the deeds, was to convey and assign "all the property and estate whatsoever and wheresoever situate and being and howsoever the same may have been acquired."

The cases of *Roberts* v. *Roberts*, 102 Md. 154, and *Farquharson* v. *Eichelberger*, 15 Md. 63, are absolutely conclusive upon this exception. In *Roberts* v. *Roberts, supra,* JUDGE BOYD, in delivering the opinion clearly said : "If a grantor intends to convey part of his property, of course he must describe it specifically, but if he intends to convey all of it, and uses such language as in this deed, who could be misled or in doubt as to what he conveyed ? The object of sec. 9, Art. 21 of the Code is to require sufficient notice to the public and certainity as to what is conveyed."

The objection to the description of the property in the mortgage, is equally untenable. The mortgage is set out in the record and contains a specific and accurate description of the property conveyed. It recites all those five lots or parcels of ground, situate and lying in the City of Baltimore, and described as follows, to wit : Beginning for the first three on the north side of Lexington street at the respective distances of about one hundred and forty-eight feet and six inches, and one hundred and sixty feet and six inches and one hundred and seventy-three feet west of Schroeder street, the same being known as numbers 1018, 1020, and 1022 West Lexington street, with respective fronts of 12 feet and 6 inches and a depth of 85 feet more or less.

The lot purchased by the appellant is also described by the number of the house erected thereon, as 1020 W. Lexington street. We do not understand there is any dispute as to the actual location of No. 1020 W. Lexington street, as described in the mortgage, and this being correct, there can be no difficulty, as to an identification of the property.

Having disposed of all the exceptions contained in the record that appear material to the decision of the case, and there being no reasonable doubt as to the soundness of the title to the property herein questioned and being . of the opinion that no injustice will be imposed upon the purchaser by a ratification of the sale, the orders of the Circuit Court No. 2 of Baltimore City overruling the exceptions and ratifying the sale, will be affirmed.

*Orders affirmed, with costs.*