CATHERINE O. YOUNG WICKES *v.* JAMES C. L. ANDERSON, ET AL.

[No. 88, October Term, 1936.]

**580**

*Decided February 11th, 1937.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*McIntosh & Thrift,* submitting on brief, for the appellant.

*Louis S. Ashman,* with whom were *James C. L. Anderson* and *Dorothy M. Kravetz* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

The trustees under a decree of the Circuit Court for Baltimore County, sitting as a court of equity, sold certain land pursuant to the decree and reported the sale, and the purchaser, Catherine O. Young Wickes, filed exceptions to the ratification of the sale on the ground that the title to three roods and seven perches of the land so sold was defective. The controversy was submitted to the chancellor on an agreed statement of facts. The decree of the chancellor overruled the exceptions and finally ratified and confirmed the sale. An appeal was then taken by the purchaser.

The facts submitted are that by deed, dated December 8th, 1841, and duly recorded, Samuel M. Tagart and William J. Johnson, trustees, conveyed to Elisha S. Johnson two tracts of land in Baltimore County, which were described, respectively, as containing thirty-three acres and eighteen perches of land, more or less, and fifty-one perches of land, more or less, and both parcels together were described and known as the Mantua Mills property.

By deed dated August 9th, 1860, and duly recorded, the said Elisha S. Johnson acquired from Edward P. Philpot and wife a tract of land containing three roods and seven perches which was contiguous to the two tracts mentioned. Elisha S. Johnson built upon this last mentioned lot a large brick dwelling, which has since been continuously occupied by Johnson and his successors in title to the property known as Mantua Mills, as part of the property known as Mantua Mills.

By his will bearing date February 18th, 1866, and duly admitted to probate on January 2nd, 1867, Johnson devised and bequeathed to his wife, Eleanor Johnson, for life, and in lieu of her dower, certain property of which one parcel is described as: "Also my Mill property and lands attached thereto and generally known as Mantua Mills, adjoining the lands of Colonel Edward Philpot and others." And by a later clause devised and bequeathed to his daughter, Elizabeth Anne Johnson: "All my property both real and personal (as devised to my wife Eleanor in the first item, during her life) and then at her demise to the said Elizabeth Anne during her natural life, and then to her heirs in fee."

The parcel of three roods and seven perches did, and now does, adjoin the two parcels here mentioned as well as the lands of Colonel Edward Philpot and others.

The daughter, Elizabeth Anne Johnson, became the wife of Charles W. Semmes, and by deed of mortgage dated November 12th, 1883, the two conveyed to Richard C. Smith, trustee, a number of properties which did not form any part of the Mantua Mill property, and then conveyed: "All that part of a tract containing about

thirty-three and one-half acres of land lying in Baltimore County aforesaid upon which stands the Mantua Mills which was conveyed to Elisha S. Johnson by Samuel H. Tagart et al., trustees, by the deed first mentioned." And to this was added the further description, it being: "All and the same land which in the first item of the last will and testament of Elisha S. Johnson" was devised to his wife, Eleanor Johnson, during her natural life, and, later in the will, devised to his daughter, Elizabeth Anne Johnson, after the death of his wife, Eleanor.

The mortgage was foreclosed, and all the mortgaged premises were conveyed to the purchaser, Edward Worthington. Jacob Roop acquired by deed from Edward Worthington and wife several parcels, one of which was described in the identical terms of the mortgage deed. On the death of Jacob Roop intestate, his surviving wife and heirs at law, by deed dated March 30th, 1891, and duly recorded, conveyed unto Thomas E. Gill: "All that parcel of land situate in Baltimore County and known as Mantua Mills and containing thirty-three and one-half acres of land, more or less, comprising all the land conveyed by Samuel H. Tagart and William H. Johnson to Elisha S. Johnson by the mentioned deed of December 8th, 1841, and being a part of the land conveyed by Worthington and wife to Jacob Roop, which in addition to the grant of the 'Mantua Mills property' conveyed other parcels not connected in any way with the Mantua Mills property."

The mortgage deed of November 12th, 1883, does not contain a description of the parcel of three roods and seven perches upon which the dwelling house was erected, nor does the mortgage deed refer separately to this parcel. In none of the conveyances later than the deed of August 9th, 1860, in which there is a distinct reference to a parcel containing three roods and seven perches, do any of the deeds, mortgages, or proceedings in the chain of title describe the property known as "Mantua Mills" by metes and bounds, nor is there any other reference made to the tract of three roods and seven perches,

except by reference thereto as the "Mantua Mills Property."

And, finally, the agreed statement is that the present owners, whose interests the trustees named sold under decree of court to the exceptant, and their immediate predecessors in title, Thomas E. Gill, an intestate, and Mary E. Gill (who is now dead, intestate), as surviving widow of Thomas E. Gill, and grantee of one of the surviving children of Thomas E. Gill, have been in continuous, exclusive, notorious, visible, actual, uninterrupted possession and occupancy of said above-mentioned parcel of land of three roods and seven perches of land upon which the said dwelling house is erected since March 30th, 1891.

On these submitted facts there can be no controversy that the dismissal of the objections to the ratification of the sale by the purchaser, and the passage of the final order of ratification of the sale made and reported by the trustees in the cause, must be affirmed. The three contiguous parcels of land which contain respectively thirty-three acres and eighteen perches of land, more or less, and fifty-one perches of land, more or less, and the three roods and seven perches of land, more or less, and which aggregate thirty-four acres and thirty-six perches of land, more or less, have been used and regarded as a single unit of land, known and called "Mantua Mills," since their union and combination as a single estate under the ownership in severalty of Elisha S. Johnson. It would be strange if this were not the fact, since the use and enjoyment of the dwelling house of brick, which is built on the parcel of three roods and seven perches, has always gone with the devolution of the title by deed, will, and mortgage.

The term "Mantua Mills" did not at first include the tract mentioned, but the inference is plain that, after its acquisition and the erection of the dwelling, it became and was recognized as embraced by that designation. *Gwynn v. Thomas,* 2 G. & J. 420; *Jay v. Michael,* 82 Md. 1, 33 A. 322; *Lewis v. Kinnaird,* 104 Md. 653, 658, 65 A.

365. Whether this be true or not, title has been acquired by adverse possession of more than forty-five years, as is seen from the facts set forth by the agreed facts. *Gore v. Todd,* 150 Md. 285, 133 A. 126; *Sowers v. Keedy,* 135 Md. 448, 449, 109 A. 143; *Peper v. Traeger,* 152 Md. 174, 136 A. 537; *Mills v. Zion Chapel,* 119 Md. 510, 87 A. 257; *Jacobs v. Disharoon,* 113 Md. 92, 77 A. 258; *University of Maryland v. Calvary Church,* 104 Md. 635, 65 A. 398; *Wickes v. Wickes,* 98 Md. 307, 56 A. 1017.

The point that the devise to Elizabeth Anne Johnson "during her natural life and then to her heirs in fee" did not vest the fee simple title in her under the Rule in Shelley's Case has been abandoned, since the will was made in 1866 and probated in 1867, and section 342 of article 93 of the Code, which was enacted in 1912, does not apply. *Rhodes v. Brinsfield,* 151 Md. 477, 135 A. 245; *Cowman v. Classen,* 156 Md. 428, 429, 144 A. 367.

*Decree affirmed, with costs to the appellees.*