(Decided 25th June, 1869.)

---

JOHN B. KRONE *vs.* AUGUSTUS C. LINVILLE.

*Jurisdiction of Courts of Equity to sell Real Estate, for Partition amongst Remaindermen, during the existence of a Life estate therein—Practice in Equity— When a Married Woman may answer separately from her Husband—Effects of the Reversal of a Decree for a Divorce, upon Proceedings affecting the Wife's Property, had during the pendency of the Appeal.*

A married woman, entitled to a life estate in certain real property, obtained a decree for a divorce *a mensa et thoro,* from which her husband appealed. Pending the appeal, a bill was filed by one of the remaindermen for a sale of the real estate for the purpose of partition, to

Krone *vs.* Linville.

which the wife was made a party, together with the husband. She filed a separate answer consenting to a sale and agreeing to accept a certain portion of the proceeds of sale in commutation of her life interest; a decree for a sale was passed, and the property was sold accordingly, by a trustee appointed for that purpose, and the sale was reported to and ratified by the Court. On appeal by the divorced husband from the decree for a sale of the property, HELD:

1st. That the Court had the power and jurisdiction to decree the sale under the Act of 1862, ch. 156, extending the provisions of the Code Art. 16, sec. 99.

2d. That as to the portion of the proceeds of sale adjudged to the wife, the husband stood in the same relation to it that he stood to any other personal estate of his wife held under the provisions of the Code, Art. 45, secs. 1 and 2, and his assent or dissent to the sale could in no manner have affected the right and power of the court to pass the decree.

3d. That it was not essential to the validity of the decree that the husband and wife should answer *jointly*.

4th. That the decree for a sale and other proceedings were not affected by a subsequent reversal of the decree for a divorce.

5th. That if it appear to the Court of Appeals that on application to the Court below, the wife would have obtained an order to answer separately, and that no possible injury has been done by her answering separately without such order, the Court ought not to hesitate to ratify and sanction her act as if done under an order previously obtained.

APPEAL from the Circuit Court of Baltimore City.

Maria McDonald, under a deed of trust from her father James Long, made in the year 1803, and under his will confirming said deed, became entitled to certain real estate for the term of her life, with a limitation over after her death, to her children and descendants in fee. By a subsequent marriage she became the wife of John B. Krone, from whom she was afterwards divorced *a mensa et thoro*. By the decree of divorce, all the property of every kind and description which the said Maria held and possessed, or was in any manner interested in at the time of and previous to said marriage, or acquired in her own right since

said marriage, was awarded to her, " to be held, possessed, and enjoyed, disposed of, sold and conveyed, by her as a *fême sole* to the same purpose, extent, and effect, as she might or would have done had said marriage never taken place." Subsequent to the divorce, the appellee, Augustus C. Linville, one of her children, filed the bill in this cause for a sale of said real estate, as incapable of partition, and a division of the proceeds (after an allowance of part thereof to said Maria in commutation of her life interest,) among the parties entitled thereto. Maria McDonald filed her *separate* answer to the bill, without any order of Court for that purpose, in which she consented to a sale and agreed to accept one-sixth of the net proceeds in commutation of her life interest. John B. Krone was also made a party and filed his answer, in which he claimed that he had taken an appeal from the decree divorcing him from his wife, and that said appeal was then pending; that his wife had no right to answer separately from him, or to make the agreement she had made in regard to the distribution of the proceeds.

The proper persons were made parties, and evidence taken, and the Court below passed a decree for a sale of the property, and appointing a trustee for that purpose. Under this decree the property was sold and the sale reported to and ratified by the Court. From the decree for the sale, the present appeal was taken by John B. Krone.

The cause was argued before STEWART, MILLER, ALVEY and ROBINSON, J.

*William Shepard Bryan*, for the appellant.

No construction of the deeds can make Mrs. Krone and the complainant concurrent owners. A partition cannot be decreed except between concurrent owners. *Code of Public General Laws, Art.* 16, *sec.* 99.

The complainant then, by his own showing, is not enti-

tled to a partition as against Mrs. Krone. The bill ought therefore to have been dismissed. *Ridgway vs. Toram*, 2 *Md. Ch. Dec.*, 303 ; *Chambers vs. Chalmers*, 4 *G. & J.*, 420 ; *Gibbs vs. Cunningham*, 4 *Md. Ch. Dec.*, 322.

By the deeds filed with the bills, the lands in question were conveyed to trustees, whose most important duty was to preserve certain contingent remainders, yet the application was to break up the settlement entirely, sell the property and divide the proceeds. The Court sanctioned the proceeding, but it ought to have condemned it. *Townsend vs. Lawton*, 2 *Peere Wms.*, 379 ; *Symance vs. Tuttam*, 1 *Atkyns*, 613 ; *Woodhouse vs. Hoskins*, 3 *Atkyns*, 22.

Mrs. Krone's answer having been made separately from her husband, without a previous order of Court, it should not be regarded. *Perine vs. Swain*, 1 *Johns. Ch. Rep.*, 23.

The consent in Mrs. Krone's answer (relating to her real estate and given without the authority of her husband,) is null. *Unger and wife vs. Price*, 9 *Md.*, 558 ; *Brown vs. Hayward*, 1 *Hare*, 432 ; *Code, Art.* 45, *sec.* 2.

The record from the Court of Appeals was not offered in evidence. It would have shown that the divorce suit was then pending, and if it could now be considered, it would show that it was decided in favor of the appellant. The copy of the decree exhibited with the bill avails nothing. *Eyler vs. Crabbs*, 2 *Md.*, 154.

*Geo. Wm. Brown* and *Frederick W. Brune*, for the appellee.

The inquiry is limited to this, whether the appellant, by virtue of his rights growing out of his marriage, and notwithstanding his divorce in 1867, could, by refusing his consent to this sale upon the grounds set up in his answer, prevent the Court from exercising the jurisdiction claimed for it by the appellee?

Before the Act of 1862, ch. 156, a Court of Chancery

in Maryland could exercise the jurisdiction claimed. Under and since that Act, the jurisdiction is unquestionable. *Code*, *Art.* 16, *sec.* 99; *Bolgiano vs. Cook*, 19 *Md.*, 376; *Billingslea vs. Baldwin*, 23 *Md.*, 96 *and* 115.

Whether a legal or equitable life estate in the property originally, Maria's interest before marriage in 1866, by virtue of the Code, was settled to her *separate use*. Krone married her with the provision of the law impressed upon the property, and she has in equity the right to assign it, and still more, to consent that a Court of Equity shall decree a sale of her life interest, in connection with the remainder, for the mutual benefit of herself and her children.

Courts of Equity, which regard married women, in dealing with their separate property, as *fêmes sole*, would recognize and act on such agreement or consent, without reference to the husband, where such consent applies to their legal, and still more, their equitable *life estates*, held for their *separate use*, with terms added, which, so far from denying their right of disposition, expressly recognize it. *Code*, *Art.* 45, *secs.* 1, 2; *Bridges vs. McKenna*, 14 *Md.*, 258; *Weems vs. Weems*, 19 *Md.*, 345; *Cooke vs. Husbands*, 11 *Md.*, 492, 503 *to* 508; *Hulme vs. Tenant*, 65 *Law Lib.*, 360 *to* 368, *top*, 330 *to* 341, *margin; Jaques vs. Methodist Ch.*, 17 *Johns.*, 548, 578, 579, 585.

Krone having been divorced in 1867 by the Court below, the decree clearly destroys any marital rights on his part over this property, and she could deal with it in any and every way as a *fême sole*, so long as that decree continued unreversed and in force. 2 *Bishop on Marriage and Divorce*, *sec.* 733.

To hold otherwise would be to allow the appellant to impeach in a collateral proceeding a subsisting decree. *Dorsey's Lessee vs. Garey*, 30 *Md.*

The parties before the Court include the whole in whom *the first estate of inheritance* in the property is vested, and

they are entitled to be regarded as the full representatives of all other persons who have remote contingent interests, and it is not necessary to bring such persons before the Court. *Story's Eq. Pl.*, secs. 142, 144, 145, 146; *Act of* 1862, *ch.* 156.

Although, generally, a married woman should file a joint answer with her husband in equity proceedings, yet there are many exceptions to the rule, for instance:

1. Where a woman has been divorced, either *ex vinculo* or *a mensa et thoro*.

2. Where she lives separate from her husband, or claims in opposition to him, she may, with permission of Court, answer separately. *Story's Eq. Pl.*, sec. 71.

Here the decree of divorce was such a permission, or if any further permission was required, the Court below could grant it.

If this Court should be of opinion that the decree of the Court below was erroneous in dealing with the rights of the appellant, it will not reverse it so as to affect the validity of the sales made by the trustee under said decree, nor the distribution of the proceeds of sale under the auditor's report in the case, which was finally ratified before the decree divorcing the appellant was reversed, and he having never given bond, nor made the affidavit required by law. *Code, Art.* 5, *sec.* 31, 1864, *ch.* 322; *Ward vs. Hollins*, 14 *Md.*, 158; *Wampler vs. Wolfinger*, 13 *Md.*, 337.

ALVEY, J., delivered the opinion of the Court.

The appeal in this case brings before us only so much of the decree appealed from as may affect the appellant, John B. Krone.

He contends that the decree should be reversed, mainly for three reasons:

1st. That as Mrs. Krone was but tenant for life of the land decreed to be sold, and not a joint tenant, tenant in

common, parcener, or concurrent owner thereof, with the complainant and the other parties interested in remainder, therefore, under the Code, Art. 16, sec. 99, there was no power or jurisdiction in the Court to decree either sale or partition.

2d. That because Mrs. Krone's answer was taken separately from that of her husband, without a previous order of the Court, it should be disregarded and treated as out of the case; and

3d. That the consent of Mrs. Krone, given to the passage of the decree, without the authority of her husband, is a nullity, and that no decree could be founded thereon.

1. As to the first ground for reversal, that of want of power and jurisdiction in the Court to pass the decree, that would appear to be completely answered by the Act of 1862, chap. 156, extending the provisions of the Code. By that Act, " In *all* cases where one or more persons is, or are entitled to an estate for life or years in land, and other persons are entitled to a remainder or remainders, vested or contingent, or an executory devise or devises, or any other interest, vested or contingent, in the same land, on application of any of the parties in interest, a Court of Equity may, if all the parties in being are parties to the proceeding, decree a sale or lease thereof, *if it shall appear to be advantageous to the parties concerned*, and shall direct the investment of the proceeds of sale, or the limitation of the leasehold interest, as the case may be, so as to enure to the use of the same parties, who would be entitled to the land sold or leased, and all such decrees, if all the persons are parties who would be entitled if the contingency had happened at the date of the decree, shall bind all persons, whether in being or not, who claim any interest in said land under any of the parties to said decree, or under any person from whom any of the parties to such decree claim; this to apply to leasehold, as well as freehold estates."

Such being the law, the only question in reference to the jurisdiction of the Court is, whether all the parties in being interested in the estate, are made parties to the proceedings, and the allegations and proof show it to be to the advantage of such parties that the sale should be made; and upon examination of the record, we are entirely satisfied that such is the case.

The question of distribution or investment of the proceeds of sale, except the part decreed to Mrs. Krone, is one in which the appellant cannot claim to be interested. That portion of the proceeds of sale adjudged to Mrs. Krone, appears to be a fair and equitable proportion, considering her period of life; and as to such portion, the appellant stands in the same relation to it, that he stands to any other personal estate of his wife held under the provisions of the Code, Art. 45, secs. 1, 2; and his assent or dissent to the sale could, in no manner, have affected the right and power of the Court to pass the decree.

2. Then, as to the second objection to the decree, that it was passed upon the separate answer of Mrs. Krone, that we think can avail the appellant nothing. It appears from the pleadings and proof that at the time of the institution of these proceedings, as also at the time of passing the decree, Mrs. Krone was divorced *a mensa et thoro*, from the appellant by a then subsisting decree of the Circuit Court of Baltimore City; and although it was very proper that the appellant should have been made a party to this cause, as he was, we think it, by no means, essential to the validity of the decree that he and his wife should have answered *jointly.* By the Code, Art. 16, sec. 26, the Court divorcing the parties, had full power to award to the wife all such property or estate as she had when married, and we find that by the decree of divorce, all the property and estate of every kind and description, which the wife held at the time of marriage with the appellant, which was in 1866, was awarded to the wife, " to be held, possessed,

and enjoyed, disposed of, sold and conveyed by her as a *fème sole*, to the same purpose, extent and effect as she might or would have done had said marriage never taken place." By this decree of divorce, the parties were not only personally separated, but were made separate in interest and estate. Why then should the wife, in such case, be required to answer jointly with the divorced husband? We can see no reason for it, but, on the contrary, many and strong reasons against it; and we fully concur with the reasoning of Chief Justice PARKER, in *Dean vs. Richmond*, 5 *Pick.*, 461, and of Chief Justice SHAW, in *Pierce vs. Burnham*, 4 *Met.*, 305, in support of the conclusion, that the relation in which the divorce *a mensa et thoro* places the parties, opposes such dependence and joinder in proceedings concerning the wife's property. See 2 *Bish. on Mar. and Div.*, secs. 736, 737.

It is true the decree of divorce has, since the passage of the decree appealed from in this case, been reversed by this Court. But every decree stands for what it purports to be until it has been revised or reversed, in due course and proper form (1 *Md. Ch. Dec.*, 455,) and consequently the subsequent reversal of such decree did not, in any manner, affect what had been done in this case.

But if the decree of divorce had no such effect of allowing the wife to answer separately in regard to her separate estate, she certainly would have been allowed, by the long-existing rules in Courts of Equity, in a case like the present, to have answered separately from her husband; for, while the general rule requires that husbands shall be joined with their wives as defendants, and their answers to be joint, there are well-established exceptions to the rule, in both of its requirements. "A married woman," says Judge STORY (*Eq. Pl.*, sec. 71), "may be made a defendant and answer as a *fème sole*, even, it is said in some cases, without any order of Court;" as in the examples cited by him. "But generally," says he, "a married wo-

man cannot answer separately when her husband is joined, or ought to be joined, as a defendant in the suit, without an order of Court for that purpose, founded upon special circumstances. Thus, where a married woman claims as a defendant, in opposition to her husband, or lives separate from him, or disapproves of the defence, which he wishes her to make, she may obtain an order of the Court for liberty to answer and defend the suit separately; *and in such case her answer may be read against her."* So here, if application had been made, the Court would, unquestionably, have given liberty to Mrs. Krone to put in her separate answer, and when we can see, as we do in this instance, that what has been done would have certainly been allowed if application had been made for the purpose, and that no possible injury has been done, the Court ought not to hesitate to ratify and sanction it as if done under an order previously obtained. By so doing, substantial justice will be subserved, and a mere technical objection, in no way touching the merits or the equity of the case, be defeated.

3. And as to the third objection to the decree, that the consent given to its passage by Mrs. Krone was a nullity; that forms no better cause for reversal than the other grounds considered. Whether Mrs. Krone consented to the decree or not, was wholly immaterial. The correctness of the decree depends not upon Mrs. Krone's consent, but upon the allegations and proof in the cause. The allegations and proof are ample in respect to all the essential facts to give jurisdiction, and to authorize the passage of the decree; and after full consideration we have found nothing to constitute a sufficient cause to reverse it.

*Decree affirmed.*

(Decided 25th June, 1869.)