# FRANK WINER

*vs.*

## ALCÆUS HOOPER, COMMITTEE.

*Adverse Possession—By Purchaser at Tax Sale.*

On an issue, raised by exceptions to a sale of land by the committee of a lunatic, as to whether a good and marketable title could be given, *held* that such a title by adverse possession was shown, the lunatic's mother, who had entered under a tax sale, but was without any deed, having been in continuous, notorious, adverse, and uninterrupted possession over twenty-one years, she paying taxes, expenses, and assessments on the property, and the lunatic and her committee having been in possession over six years.

*Decided June 29th, 1921.*

Appeal from the Circuit Court of Baltimore City (HEUISLER, J.).

Proceeding by Alcaeus Hooper, committee of Esther Mabel Young, for the sale of certain property. From a decree overruling exceptions to the sale by Frank Winer, the purchaser, he appeals. Affirmed.

The cause was submitted on briefs to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Daniel Ellison* and *M. Albert Levinson,* for the appellant.

*Albert C. Tolson, John C. Tolson,* and *William L. Stuckert,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The record now before us brings up for review a decree of the Circuit Court of Baltimore City, overruling exceptions to the ratification of the sale of a fee simple lot of ground and the improvements thereon, known as No. 211 N. Gay Street, Baltimore City, made by the appellee to the appellant, and finally ratifying and confirming the sale.

The question raised by the exceptions is, can the appellee, the committee of the person and estate of Esther Mabel Young, give to the appellant, the purchaser, a good and marketable title to the lot in question sold to him?

The facts contained in the record, and upon which the claim is based, that the title of the appellee is defective, are undisputed and appear to be as follows: Mrs. Janie Young, the mother of Esther Mabel Young, on the 15th of December, 1892, bought from Lewis N. Hopkins, the then collector of taxes for the City of Baltimore, at tax sale, the property here in question, for the sum of eight hundred and seventy-five dollars.

The tax sale was duly reported to the Circuit Court of Baltimore City and the sale being regular, and in accordance with law, it was, on the 19th day of March, 1894, ratified and confirmed by that court, no cause to the contrary having been shown, although due notice was given, as required by an order of publication, published in the cause.

Mrs. Young did not receive a deed for the property from the collector who made the sale, or from any of his successors in office, and, it is conceded, there is no deed on record, from the tax collector, or any of his successors in office, to Mrs. Young for the property purchased by her at the tax sale.

On the 4th of February, 1914, Mrs. Young conveyed the lot and property to her daughter, Esther Mabel Young, by deed properly executed and recorded among the land records of Baltimore City. In this deed it is set out that "the said lot of ground as hereinabove described has been under enclosure and in the undisputed, continuous, open, notorious,

visible and exclusive possession of the said Janie Young, since December 15th, 1892, together with the buildings and improvements thereon," showing possession of the property by her covering a period of more than twenty-one years.

Subsequently, on the 9th of April, 1920, Esther Mabel Young was adjudicated a *non compos mentis* by the Circuit Court of Baltimore City, and the appellee was appointed the committee of her person and estate.

The income from the estate of the *non compos mentis* being insufficient for her support and the payment of other necessary expenses and charges, incident to the management of the estate, the appellee obtained a decree, on the 22nd day of April, 1920, for the sale of the lot of ground and improvements thereon, under section 121 of article 16 of the Code, and on the 19th of January, 1921, reported a private sale of the property mentioned herein to the appellant, for the sum of $3,075, supported by the certificate of two real estate brokers, who knew the property, that the price obtained was a fair value for the property sold.

The objection to the title, urged on the part of the appellant, to the property sold in this case, it will be seen, is clearly without force and cannot be sustained.

The testimony shows: first, that Mrs. Young entered into possession of the property, after the tax sale to her on December 15th, 1892, and remained in possession thereof until February 4th, 1914, when she conveyed the property to her daughter by deed, a period of over twenty-one years; secondly, that the daughter as grantee was in possession under the deed from her mother from February 4th, 1914, until her committee was appointed on April 9th, 1920; thirdly, that the appellee, as the committee, has been in possession since his appointment as committee on April 9th, 1920, to the present time, and there is no evidence in the record that anyone, during the entire period of twenty-eight years, has attempted to contest the title or to claim possession of this lot of ground.

The testimony of Mrs. Young, the grantor in the deed, and of Mr. Alcaeus Hooper, the committee, is sufficient to establish a good and marketable title by adverse possession to the lot in question, and to authorize the appellee to convey by a good and sufficient deed a legal title to the appellant.

The law of the case has been settled by numerous decisions of this Court, where it has been held that, in a proper case, specific performance of a contract relating to land will be decreed where the title rests in adverse possession, and that such a title would be sufficient to maintain a suit in ejectment for the property in dispute. *Cook* v. *Councilman,* 109 Md. 637; *Arey* v. *Baer,* 112 Md. 541; *Herbold* v. *Montebello,* 113 Md. 161; *Sowers* v. *Keedy,* 135 Md. 448.

In *Cadwalader* v. *Price,* 111 Md. 318, it is said that, when ·a party has had possession of property in such way and for such time as to make it adverse, within the meaning of the law, a deed is presumed, and the presumption of a grant is an inference of law arising out of a particular state of facts. *Casey* v. *Inloes,* 1 Gill, 430; *Bonsal, Trustee,* v. *Balt. & O. R. R. Co.,* 138 Md. 309.

In the recent case of *Sowers* v. *Keedy,* 135 Md. 448, under a somewhat similar state of facts, this Court said there was such an exclusive, open, continuous and adverse possession, by the parties to the proceedings, as to constitute a valid title by adverse possession, and a title sufficient to warrant a decree for specific enforcement of a contract for the sale of the property.

In the present case, the evidence conclusively shows that, since December 15th, 1892, Mrs. Young, the grantor in the deed to her daughter, had been in continuous, notorious, adverse and uninterrupted possession of the property, and remained therein until February 14th, 1914, when she conveyed the property by deed to her daughter. She paid the taxes thereon regularly, expended money in the repairs of the property, and paid other expenses and assessments thereon. The property was under enclosure, and held before this sale

in adverse and continuous possession by Mrs. Young, by her daughter and by Mr. Hooper, the committee, for a period of about twenty-eight years. It was also held by them, in such a manner as the law requires to establish a title by adversary possession. *Levy* v. *Iroquois Co.,* 80 Md. 300; *Regents of University of Maryland* v. *Calvary Church,* 104 Md. 636.

We find nothing in the record to suggest anything that would affect the appellee's title in this case, and as his title to the property sold is free from any reasonable doubt, we will affirm the decree appealed from.

*Decree affirmed, each party to pay one-half of the costs above and below.*