HENRY J. PEPER ET AL. *v.* ELIZABETH TRAEGER ET AL.

*Adverse Possession—Judicial Sale—Jurisdiction—Pleading and Proof—As to Benefit to Parties.*

Adverse, open, notorious, exclusive and hostile possession of land, under claim of title, by the grantee in a deed thereof, and by the devisees under his will, for a period of more than forty-five years, *held* to give a good and marketable title. pp. 180, 181

Possession, to be adverse, must be actual, open, notorious, exclusive, hostile, under claim of title or ownership, and continuous or uninterrupted for the statutory period. p. 181

A devise of land to testator's son until his eldest child attained the age of twenty-one years, and then to go to the son's children

then living and living at the time of his death, the descendants of any deceased child to take its parent's portion, *held* to give testator's son an estate which terminated on the arrival of his eldest child at the age of twenty-one.                    pp. 181-183

Jurisdiction to decree a sale under Code, art. 16, sec. 243, rests upon concurrence of the conditions, that all parties in interest and in being, who would be entitled if the contingency had happened at the date of the decree, be parties to the proceedings, and that the sale appear advantageous to the parties concerned.

p. 183

On exceptions by the purchaser to the ratification of a sale, made under Code, art. 16, sec. 243, that all the adult parties either prayed for or consented to the sale, and that the bill alleged that the sale would be for the best interest of the infant parties, *held* sufficient to support the sale, although there was no direct proof in support of the allegation referred to, the sale being for a sum greater than the value of the property, as testified to by persons interested therein.                    pp. 183, 184

*Decided January 21st, 1927.*

Appeal from the Circuit Court for Baltimore County, In Equity (PRESTON, J.).

Bill by Charles A. Freund, Sr., and others against Elizabeth Traeger and others for the construction of the will of Louis Freund, deceased, and for the sale of certain property. A sale of the property was made, and from an order overruling exceptions by the purchasers, Henry J. Peper and Annie Peper, his wife, to the ratification thereof, they appeal. Affirmed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Daniel S. Sullivan,* for the appellants.

*George Eckhardt, Jr.,* for the appellees.

DIGGES, J., delivered the opinion of the Court.

The appeal in this case is from an order overruling exceptions filed by the appellants, the purchasers, to the ratification of a sale of real estate located in Baltimore County. It is stated in the brief of the appellees that the proceedings were based upon chapter 273 of the Acts of 1868, now codified as section 243 of article 16 of the Code.

The bill alleges that Louis Freund was seised and possessed of the land mentioned and described in the bill, which he acquired by two deeds, one dated November 26th, 1874, and the other dated June 27th, 1877, both duly executed and recorded among the land records of Baltimore County. Certified copies of these deeds were filed as exhibits with the bill and prayed to be taken as a part thereof. The first deed conveyed nine acres and twenty-seven perches of land; and the second deed conveyed two tracts or parcels of land, the first containing one acre, two roods and thirty-five square perches, and the other containing six perches. That, being so seised, Louis Freund died in May, 1890, leaving a last will and testament executed in form to pass title to real estate; a certified copy of which will is also filed as an exhibit with the bill; by the second item whereof the testator devised and bequeathed as follows:

"I give and devise unto my said son, Charles A. Freund, until his eldest child attains the age of twenty-one years, all that tract or parcel of land mentioned and described in a deed from William T. Smith and wife to me, dated November 26th, 1874, and recorded among the Land Records of Baltimore County in Liber J. B. No. 89, folio 562, etc., and also all that portion of a tract of land mentioned and described in a deed from Andrew E. Warner to me (dated June 27th, 1877, and recorded among the Land Records of Baltimore County in Liber J. B. No. 102, folio 255, etc.), which binds on and adjoins the property mentioned in the deed from Smith to me on the northwestern side; and on arrival of said eldest child of my said son at the age of twenty-one years, then I give and devise

the said two (2) tracts of land in this item referred
to, to the children of said Charles A. Freund who may
be then living and who may be living at the time of
his death, and the descendants of any of his said chil-
dren who may be living at the time of his death, the
descendants of any deceased child or children to take
its parent's portion by representation, *per stirpes* and
not *per capita,* in fee; it being my intention that all
the children of my said son who may be living at the
time of his death, or their descendants, then living,
shall have an equal interest in said land *per stirpes*
and not *per capita,* and that said land shall vest in
said children as aforesaid and said Charles A. Freund
shall be divested thereof when his eldest child arrives
at the age of twenty-one years as aforesaid."

That the said will, with the two codicils thereto, was duly
admitted to probate in the Orphans' Court of Baltimore
County and letters testamentary were granted to Charles
A. Freund, Sr., one of the executors named in the will. That
the usual notice to creditors was passed by the said court, duly
published, but no creditors have ever appeared or filed any
claims against said estate. That the funeral expenses and
orphans' court charges were paid by Charles A. Freund,
Sr., and that he waives reimbursement for such payments.
That the said Charles A. Freund, Sr., one of the parties
plaintiff to the bill, hereby relinquishes all the right, title or
interest he may have in the land devised by the second item
of said will, in favor of the remaindermen in said second
item mentioned.

The bill then alleges who are the children of Charles A.
Freund, Sr., and who are the children of Harry J. Freund,
a son of Charles A. Freund, Sr., who died after the death
of his grandfather, Louis Freund, and before the filing of
the bill. These children are alleged to be three in number:
Catherine, Eva and Harry Freund, aged, respectively, thir-
teen, nine and four years. After naming all the children of
Charles A. Freund, Sr., and the three children of the de-

ceased son, together with their respective wives and husbands, the bill further alleges that there are no other persons in being who are in any manner entitled to any right, title or interest in the property described in the second item of the will; that the parties plaintiff entitled to said property are desirous of holding their respective shares therein in severalty and not jointly as tenants in common with one another or with said defendants. That the said property is not susceptible of division in kind without material loss to the parties entitled thereto, and in order to make division thereof it will be necessary that the said property be sold and the proceeds of said sale divided among the parties entitled thereto according to their respective interests therein. That the land is not productive, and that the plaintiff Charles A. Freund, Sr., "life tenant under said will," is of advanced years and physically incapable and unable to make said land productive. That it would be for the best interest and advantage of the said infant defendants that their respective shares in said property be converted into cash and reinvested for their benefit. The prayers of the bill are, that the provisions of said second item of the last will and testament of Louis Freund be construed by the court; that said property be sold by a trustee to be appointed by the decree, and the proceeds brought into court and divided among the parties thereto according to their respective interests in said property; that if the court should so construe said will, that the proceeds of the sale of said property may be reinvested for the benefit of the parties hereto as their respective interests may appear, and for general relief.

The parties to the bill were Charles A. Freund, Sr., and all of his children and descendants of children, with their respective husbands and wives; the defendants being Elizabeth Traeger, daughter of Charles A. Freund, Sr., together with her husband, and the three infant children of Harry J. Freund, deceased. The adult defendants answered the bill, admitting the matters and facts stated therein to be true, and consenting to a decree for the sale of the property. The

infant defendants were duly summoned, the guardian *ad litem* appointed, and the answer of said guardian filed submitting the rights and interests of the infants to the care and protection of the court.

The grounds of exception relied upon by the appellants were three: First, that there was no administration upon the estate of Louis Freund under his said will, and that the voucher docket in the office of the register of wills of Baltimore County shows that seven claims, aggregating $351.75, were filed against the estate of Louis Freund and there is nothing on said records to indicate or show that said claims were ever satisfied; second, that there is an ambiguity in the second item of said will set forth in the bill of complaint, in that it is not clearly apparent whether or not Charles A. Freund, Sr., mentioned therein as beneficiary, received an estate which ended when his eldest child reached the age of twenty-one years, or which lasted through the lifetime of the said Charles A. Freund, Sr.; and third, that the second parcel of land mentioned and described in the deed dated June 27th, 1877, containing six perches, from Andrew E. Warner and wife to Louis Freund, although purporting to convey an absolute estate therein to Louis Freund, in fact only conveyed a one-fifth undivided interest therein. The exceptants further state that this six-perch piece of land belonged to Dorothy Warner, who died intestate prior to January 24th, 1870, leaving surviving her her husband, Andrew E. Warner, Sr., who also died intestate prior to January 24th, 1870; and leaving also surviving her three children and four grandchildren; said children being Elizabeth Warner, Martha Emich, and said Andrew E. Warner, Jr.; and the said grandchildren being George Warner, John Warner, and Dorothy Warner, who were the children of George Warner, the deceased son of Andrew E. Warner, Sr., and Dorothy Warner; and Andrew Rudder, who was the son of Annie Rudder, a deceased daughter of the said Andrew E. Warner, Sr., and Dorothy Warner.

We will dispose of the first and third grounds of exception before considering the second. The case was submitted to the

court below on an agreed statement of facts, in which it is agreed that all of the claims and debts mentioned and described in the second paragraph of the exceptions were long ago paid, settled, and satisfied, with the exception of the claim of Charles A. Freund, Sr., which said claim has been expressly waived by him in the bill of complaint. This disposes of the first exception.

It is also agreed that the only part of the land mentioned in the proceedings, the title to which has been questioned by the said exceptants, is that referred to in paragraph No. 3 of the exceptions, which land is that secondly described in the deed from Andrew E. Warner, Jr., and wife to Louis Freund, dated June 27th, 1877, containing six square perches of land. That this deed purported to convey an absolute interest, and that the whole six perches of land described therein was actually possessed and occupied by Louis Freund under color of title derived from the said deed of June 27th, 1877, from Andrew E. Warner and wife; that said possession and occupancy were adverse, open and notorious, exclusive, hostile, and under claim of title or ownership, and continued without interruption from June 27th, 1877, the date of the deed, until May 5th, 1890, the date of the death of Louis Freund; that from May 5th, 1890, until October 28th, 1897, the date upon which the oldest child of Charles A. Freund, Sr., became twenty-one years of age, the said Charles A. Freund, Sr., occupied and possessed said land, and that his occupancy and possession had all the incidents of that of his father, Louis Freund. That the children of Charles A. Freund, Sr., who were living at the time his oldest child became twenty-one years of age, to wit, October 28th, 1897, together with Ada Walsh, the only living child born since then, have continued to occupy and possess said land down to the date of the sale, their occupation being also adverse, actual, open, notorious, exclusive, hostile, and under claim of title or ownership.

There can be no question, from this agreed statement of facts, that Louis Freund and those claiming through, by, or

under him, have occupied and possessed this property under color of title and claim of ownership continuously from June 27th, 1877, and that their occupancy has been adverse, actual, open, notorious, exclusive, hostile, and uninterrupted from said date, being a period of more than forty-five years before the filing of the bill. Under the circumstances as thus shown by the agreed statement of facts, there can be no doubt that the parties to the bill, plaintiffs and defendants, acquired a good and marketable title to this six-perch piece of land by adverse possession. Possession, to be adverse, must be actual, open, notorious, exclusive, hostile, under claim of title or ownership, and continuous or uninterrupted for the statutory period of twenty years. *Casey v. Inloes,* 1 Gill 430; *Armstrong v. Risteau,* 5 Md. 256; *Nutwell v. Tongue,* 22 Md. 419; *Parker v. Wallis,* 60 Md. 15; *Sadtler v. Peabody Heights Co.,* 66 Md. 1; *Jacob Tome Institute v. Crothers,* 87 Md. 569; *Hackett v. Webster,* 97 Md. 404; *Sowers v. Keedy,* 135 Md. 448; *Winer v. Hooper,* 139 Md. 327; *Cadwalader v. Price,* 111 Md. 318; *Bonsal v. Balto. & O. R. Co.,* 138 Md. 309; and many other cases which might be cited.

We now come to the question presented by the second exception, that being, under the second item of the will of Louis Freund, did Charles A. Freund, Sr., take a life estate in the property mentioned therein, or did he take an estate for years which terminated upon his oldest child arriving at the age of twenty-one years? We think there can be no doubt upon this question. The second item of the will, in the first two lines, provides as follows: "I give and devise unto my said son, Charles A. Freund, until his eldest child attains the age of twenty-one years," and after describing the property, then provides, "and on arrival of said eldest child of my said son at the age of twenty-one years, then I give and devise the said two tracts of land in this item referred to, to the children of said Charles A. Freund who may be then living and who may be living at the time of his death, and the descendants of any of his

said children who may be living at the time of his death, the descendants of any deceased child or children to take its parent's portion by representation, *per stirpes* and not *per capita,* in fee; it being my intention that all the children of my said son who may be living at the time of his death, or their descendants, then living, shall have an equal interest in said land *per stirpes* and not *per capita,* and that said land shall vest in said children as aforesaid and said Charles A. Freund shall be divested thereof when his eldest child arrives at the age of twenty-one years as aforesaid." It is perfectly certain that the interest of Charles A. Freund, Sr., the son of the testator, ceased when the said son's oldest child attained the age of twenty-one years, because by the first two lines of the item his interest is limited to that time; and again, near the close of the item, the testator provides that said Charles A. Freund shall be divested of his interest when his eldest child arrives at the age of twenty-one years. It is also clear that at the time the oldest child of Charles A. Freund, Sr., reached the age of twenty-one years, the title vested in the children of Charles A. Freund, Sr., living at that time, and the descendants of such children as were then deceased, *per stirpes* and not *per capita.* While the whole of the title vested as above set forth, the quantity or portion which any of the said children then took was subject to change by the birth of other children of Charles A. Freund, Sr., who might be living at the time of his death. The record discloses that since the oldest child of Charles A. Freund, Sr., became twenty-one years of age on October 28th, 1897, there has been another child born, to wit, Ada Walsh, nee Freund. The record does not disclose the age of Charles A. Freund, Sr., and we cannot say that it is impossible for him to have additional children who might be living at the time of his death, in which event there would be a change in the quantity or proportion of the property which each of his children would take; this being manifest by the language employed by the testator in clarifying his former language used in

section two, and declaring his intention to be, "that all the children of my said son who may be living at the time of his death, or their descendants, then living, shall have an equal interest in said land *per stirpes* and not *per capita.*"

Under these conditions, we are of the opinion that jurisdiction by the lower court for the sale of this land is amply provided for by section 243 of article 16 of the Code. *Krone v. Linville,* 31 Md. 144; *Snook v. Munday,* 90 Md. 702; *Devecmon v. Shaw,* 70 Md. 228; *Forbes v. Littell,* 138 Md. 214; *Levering v. Gosnell,* 115 Md. 582; *Ball v. Safe Deposit Co.,* 92 Md. 503. In the case last cited, in dealing with a sale made under the provisions of this section, this Court said: "The jurisdiction of a court of equity to decree a sale of land under this act rests upon the concurrence of two conditions precedent, and they are that all parties in interest and in being, who would be entitled, if the contingency had happened at the date of the decree must be parties to the proceedings and the sale must be made to appear to be advantageous to the parties concerned."

The first of these conditions, the record discloses, has been fully complied with, and all of the parties in being, who would be entitled if the contingency had happened at the date of the decree, were made parties. The bill of complaint does not allege in words that the sale would be advantageous to all of the parties in interest. We do not think that this allegation is required to be made in any particular words or terms, the provision of the statute being that the court may decree a sale "if it shall appear to be advantageous to the parties concerned." All of the adult parties, with the exception of two, are parties plaintiff asking for the sale of the property mentioned, and the two adult defendants have filed their answer consenting to the sale. In addition, there is the specific allegation in the bill that the parties plaintiff are desirous of holding their respective shares in severalty, that the property cannot be divided without material loss or injury to the parties, and in order to make division it will be necessary that the property be sold; and further, that it would be to the best interest and advantage of the infant

defendants that their respective shares in said property be converted into cash and reinvested for their benefit. We have, therefore, all of the adults requesting a sale, either by praying for the same as complainants, or assenting to the sale by answer to the bill; and while there is no direct allegation that it is for their interest and advantage, it is perfectly apparent from their action that they consider a sale would be advantageous to them. The bill of complaint contains the direct allegation that it would be for the best interest of the infants to make a sale of the property. Although there was no direct proof in support of this allegation, it is fair to assume that if the sale were for the best interest of the adults owning nine-tenths of the property, it would be also advantageous to the three infants who collectively own one-tenth. The record also discloses that while the testimony of the witnesses, all of whom were interested in the property, was that the fair value of the property was $5,000, the sale made and reported to the court was for the sum of $7,500. We are of the opinion that at the time the decree was signed, as shown by the record, it was apparent to the chancellor that a sale of the property would be advantageous to all of the parties, and this is what the statute requires to give the court jurisdiction. We do not think that, in order to confer jurisdiction, it was essential to substantiate the allegation that it was for the interest of the infants by proof, certainly not when the case is being considered on exceptions to the ratification of the sale filed by the purchaser. *Scarlett v. Robinson,* 112 Md. 202; *Beggs v. Erb,* 138 Md. 345. Finding no error, the order of the lower court will be affirmed.

*Order affirmed, with costs to the appellees.*