(Decided March 26th, 1895.)

---

## JOSEPH H. RIEMAN *vs*. THE BALTIMORE BELT RAILROAD COMPANY AND OTHERS.

*Deeds.—Description of Boundaries.—Binding on Street.*

In a deed executed prior to the Act of 1892, ch. 684, the lot was described as beginning at the southeast corner of Howard and German streets; running thence easterly on German street, &c., and the last line was described as running northerly, bounding on Howard street, to the place of beginning. *Held*, that the beginning point was placed on the east side of Howard street and not at the centre of the street, and that no portion of the bed of that street was conveyed by the deed.

Where one end of a line is fixed on the side of a road or street, the line will be considered a straight line, and the other end will be considered as also fixed on the side of the road.

Appeal from the Baltimore City Court. This was an action of ejectment brought by the appellant, Joseph H. Rieman, for the purpose òf endeavoring to oust the Belt Railroad Company from a portion of the bed of South How-

ard street, which it is now occupying with its tunnel. The appellant is the owner in fee of a lot of ground situated on the southeast corner of German and Howard streets, in the city of Baltimore. Howard street runs north and south, and German street runs east and west. The Rieman lot fronts twenty-five feet on German street and runs southerly along Howard street from German, of an even width, eighty feet, to a nine-foot alley. The Belt Railroad tunnel runs north and south, underneath the bed of Howard street, along the whole front of the Rieman property. In front of the Rieman lot the bottom of the tunnel is forty-five feet, and the top fifteen feet beneath the surface of the street. At this place the tunnel occupies a strip of the bed of Howard street sixteen feet seven inches wide, east of the centre line of the street. The traffic on the surface of the street is undisturbed by the location of the tunnel. The appellant claimed to own to the centre line of Howard street, and therefore contended that the tunnel was on his land (subject to street uses), to the extent of occupying the strip, sixteen feet seven inches wide, beneath the surface, along the whole front of his lot. Howard street, at this point, is eighty-two feet wide between the building lines.

At the trial the plaintiff offered in evidence all the title deeds, beginning with the patent from the State. The Court below (WRIGHT, J.), rejected the prayers of the plaintiff and granted the prayer of the defendant, instructing the jury, that under the deed from Deborah Hoffman (set forth in the opinion of the Court), the plaintiff was not entitled to recover.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*Arthur W. Machen* and *George R. Willis,* for the appellant.

We believe it is not disputed that the land granted in fee by the patents included half of the bed of Howard street. That it was the *intent* of the subsequent conveyances to

make the western boundary line coincident with the western boundary line of the patent, and not to leave title in any of the grantors to a strip of ground between the building line and the centre line of the street, we think is perfectly manifest. If such intent has been adequately manifested in the deeds, the plaintiff is entitled to recover. By the prayer of the defendants, which the Court granted, the defence was rested wholly on the supposed failure of the description in the deed of the fee from Deborah Hoffman to The Corporation for the Relief of the Widows and Children of the Protestant Episcopal Church, dated 24th January, 1839, to carry the lot conveyed to the centre line of Howard street.

1. We submit that it is no longer open to question in Maryland that a call to bound on a public highway carries the conveyance to the centre of it. *Gump.* v. *Sibley*, 79 Md. In the deed in question, the call for the terminus of the third line is *Howard street*, which means the centre line of the street. The description of the fourth line is, if possible, yet more explicit—"and thence northerly bounding *on Howard street.*"

It has seemed to us impossible, without entire disregard of the authority of the decision above referred to, and indeed without disregard of all the decisions of this Court upon the subject, to say nothing of Chancellor Kent's rule, 3 Kent Comm. 433, and of the weight of all the modern authorities, English and American, to hold that "bounding on Howard street" can mean anything else than bounding on the *centre line* of the street. Judge Wright, in granting the defendants' prayer and rejecting the plaintiff's prayers, assumed that the beginning of the lot was at the intersection of the *south and east sides* of German and Howard streets, and then, adopting the view taken in the old Massachusetts case of *Sibley* v. *Holden*, 10 Pick., 249, located the fourth line as bounding on the east side of Howard street, so as to get back by one straight line to such place of beginning. But, with the greatest respect, such a construction violates *two* fundamental rules of location law. In

the first place, " the southeast corner or intersection of
Howard and German streets," is not the intersection of the
eastern line and south line of those streets respectively, but
of the streets themselves ; and the streets as boundaries,
being units in legal intendment, the intersection of the
streets is the intersection of the centre lines of the streets.
Secondly. Even if it be assumed that the place of *beginning*
of the lot is at the intersection of the south side of German
street and the east side of Howard street, the end of the
third line is at the centre of Howard street, by force of the
call—" to Howard street." Therefore, the beginning of the
fourth line is at the centre of the street, and the line must
be run from that point, according to the fundamental prin-
ciple of law as established from time immemorial in this
State. Nor is there any room for doubt as to the location
of the fourth line, which, starting thus in the middle of the
street, runs " thence northerly, bounding on Howard street,"
that is to say, on the centre line of the street. " On How-
ard street " is a *call*—just as much so as a monument desig-
nated as the end of the line. *Dorsey on Ejectment*, 67 ;
*Pennington* v. *Bordley's lessee*, 4 H. & J. 457.

The mere mention of a fixed point on the side of a road
as the place of beginning or end of one or more of the lot
lines is not sufficient to control the presumption that the
grant extends to the centre of the highway ; as, for the
same reason, similar language with reference to monuments
standing at or near the bank of a stream does not prevent
the grantee from holding *ad medium filum aquæ*. *Low v.
Tibbetts*, 72 Me. 90, 94.

*Gump* v. *Sibley, supra*, is so distinct an authority on this
point that it would seem unnecessary to refer to the pre-
vious cases ; but the principle of interpretation laid down in
them all would carry a grant such as we have here to the
centre of the street. *Peabody Heights Co.* v. *Sadtler*, 63
Md. 536 ; *Gould* v. *B. & O. R. R. Co.*, 67 Md. 64 ; *Hunt*
v. *Brown*, 75 Md. 48.

The best authorities elsewhere support the same rule.

*Beveridge* v. *Ward*, 10 C. B. N. S. 400 ; *Dean* v. *Lowell*, 135 Mass. 55, 60 ; *Peck* v. *Denniston*, 121 Mass. 17 ; *White* v. *Godfrey*, 97 Mass. 474 ; *Newhall* v. *Iveson*, 8 Cush. 595 ; *Jackson* v. *Lowe*, 12 Johns. 252 ; *Wallace* v. *Fee*, 50 N. Y. 694 ; *Banks* v. *Ogden*, 2 Wall. 57 ; *Carver* v. *Paul*, 24 Pa. St. 210 ; *Moody* v. *Palmer*, 50 Cal. 31 ; *Johnson* v. *Anderson*, 18 Me. 78.

"The rule is now well settled that when a line is given running ' to the road, and thence by the road,' the grant is to the centre of the road."   *Oxton* v. *Grove*, 68 Maine, 372.

In *Dean* v. *Lowell* (135 Mass. 55), the description was as follows : "Thence northerly by said railroad company's land about 416⅔ feet *to the road* near the Arch bridge, so called ; thence southwesterly *by said road* about 433 feet *to a stone wall*; thence southerly by said wall, &c.," and it was held that the deed passed the title to the *middle of the road*. The rule rests on two principles : First, the maxim that every grant is to be construed most favorably to the grantee ; and secondly, the presumption that the grantor who conveys land adjacent to a highway and owns to the centre of it, does not intend to reserve in himself the fee of the strip of ground so occupied for a public use.   *Chan. Kent*, 3 Kent Comm. 363 ; The doctrine of the case of *Sibley* v. *Hammond*, 10 Pick. 249, the authority followed by Judge Wright, has been repudiated even in Massachusetts. See cases from Massachusetts reports, above cited, and more especially *Dean* v. *Lowell ;* besides being expressly overruled in other jurisdictions.

2. It is clear that the owner of the fee of a street holds it subject *only* to the public easement in the surface and to those rights which are necessarily incident to the use of it as a street.   The *sub-stratum* belongs to the fee simple owner, who may himself make any use of it not incompatible with the public use of the surface and ground immediately below the surface for ordinary street purposes, and, if he is intruded upon, he may maintain an action for the wrong done him.

3. Neither city ordinance nor Act of Assembly can dis-possess the plaintiff of his right of property.    *O'Brien* v. *Balto. Belt R. R. Co.*, 74 Md. 372.

4. Ejectment is the appropriate remedy.    *Goodlitle* v. *Aker*, 1 Burr. 133 ; *Adams, Eject.* 21 ; *Bolling* v. *Mayor, etc.*, 3 Rand. 563 ; *Wright* v. *Carter*, 3 Dutcher, 76 ; *Browne* v. *Galley*, Hill & Denio, 310; *Goodson* v. *Richardson*, L. R. 9, Ch. 221.

*E. J. D. Cross* and *Geo. Dobbin Penniman* (with whom was *John K. Cowen* on the brief), for the appellees.

The appellee contends that by applying the rules of con-struction laid down by this Court in previous cases, it will be seen at once that the ruling of the lower Court is cot-rect.    Practically similar questions have been before this Court in the following cases : *Peabody Heights Co.* v. *Sadtler*, 63 Md. 533 ; *Balto. & Ohio R. R. Co.* v. *Gould*, 67 Md. 60 ; *Hunt* v. *Brown*, 75 Md. 481 ; *Gump* v. *Sibley*, 79 Md. 1.

Applying these decisions to the deed of Deborah Hoff-man, now under discussion, the beginning point is described as " the southeast corner or intersection of Howard and German streets."    If in *B. & O. R. R. Co.* v. *Gould*, a de-scription calling for " the corner " formed by the intersection of Winder and Henry streets, and then a line running northerly on the *west side* of Henry street to another "cor-ner," formed by the intersection of Henry and Wells streets, fixes these corners at the *intersection of the side lines* of the streets " with as much certainty and positiveness as if stones had been called for in the deed," certainly the words "south-east corner, or intersection," fixes the beginning point at the intersection of the south side of German with the east side of Howard.    This term "southeast corner " is a common one, and is always used to distinguish such a corner from that formed by the intersection of the *north* and *west* sides of the street, etc.    The effort of the counsel for the appellant below to show that this " southeast corner " was situated at the intersection of the *centre* lines of the two streets, is not

supported by any use of the term which the grantor in the Hoffman deed can be presumed to have had in mind. Starting, therefore, with a fixed beginning point on the *east side* of Howard street, we also have the ending point of the fourth line, which runs along Howard street, fixed on the east *side*.

It would appear from an examination of the descriptions in the *Sadtler*, and *Hunt* v. *Brown* cases, that this Court has always decided that where one end of a line is fixed on the side of a road, the line will be considered a straight line, and the other end will be considered as fixed *also* on the *side* of the road. The Court will presume, in the absence of anything distinctly to the contrary, that both ends of the lines are either on the centre line, and the connecting line follows that line, or that both ends are on the side and that the connecting line follows the side. In these cases the *beginning* of the line was on the side of the road, and it does not clearly appear where the *end* was, but the end was presumed to be on the side, and the *straight* line which connected them was placed on the side of the road. Running this fourth line backwards, therefore, the end of the third line will be presumed to be on the same side of Howard street as the beginning point, and the line connecting them must run along the east side of the street. This was one of the points decided in *Gould's case*, 67 Md. 60.

FOWLER, J., delivered the opinion of the Court.

This is an action of ejectment. The plaintiff owns a lot on the southeast corner of Howard and German streets, in the city of Baltimore, fronting twenty-five feet on the south side of German street, with an even depth of eighty feet. The defendant was duly authorized by the Legislature and the Mayor, &c., of Baltimore, to construct a tunnel under the bed of Howard street, and as constructed in front of the plaintiff's lot, the tunnel in no way obstructs traffic, its lowest point being sixty and its highest point, or top, fifteen feet below the surface of the street. It also ap-

pears that at this place the tunnel occupies a strip of land sixteen feet and seven inches wide, east of the centre line of Howard street. The plaintiff claims that under a proper construction of his deed, he owns to the centre line of Howard street, and if he be correct in this contention, he must recover, it being conceded that the tunnel at this point extends more than sixteen feet east of the line which the plaintiffs claim as the western boundary of his lot. And the sole question, therefore, is whether the plaintiff's lot extends to the centre of Howard street or only to the east side thereof, and the solution of this question depends upon the proper construction of one deed, namely, that of Deborah Hoffman to The Corporation for the Relief of Widows, &c., of the Clergy, &c., dated January 24, 1839, and recorded among the Land Records of Baltimore County (now city), in Liber T. K., No. 289, folio 480, &c. The description, which is the only part of the deed we are now concerned with, is as follows: "Beginning    *    *    *    at the southeast corner or intersection of Howard and German streets, and running thence easterly, bounding on German street, twenty-five feet; then southerly, parallel with Howard street, eighty feet, to a nine-foot alley; then westerly, bounding on said alley, to Howard street, twenty-five feet; and thence northerly, bounding on Howard street, to the place of beginning."

The plaintiff offered a number of prayers, all based upon his construction of the foregoing description, that his lot extended to the middle of the street, but the learned Judge below instructed the jury that he was not entitled to recover, and the verdict and judgment being against him, he has appealed.

The case was elaborately argued, but in our opinion, the question presented has been settled by decisions of this Court in cases substantially similar to this. In the first place, we will examine the language of the deed. The beginning point of the lot conveyed is *the southeast corner or intersection* of Howard and German streets, and this point of inter-

section must be at the point where the *east side* of Howard street and the *south side* of German street intersect, for these lines, and no other, can form "the southeast corner of Howard and German streets." The beginning point being thus clearly placed on the *east side* of Howard street, the lines of the lot, according to the deed, are as follows: Easterly, bounding on German street; then by two courses to Howard street; and thence, bounding on Howard street, *to the place of beginning*, which place of beginning we have seen is on the east side of said last-named street.

We think it is evident there was no intention manifested by the grantor in the deed under consideration to convey any portion of the bed of Howard street. For it must be conceded that the beginning point is on the east *side* of Howard street, and it is also clear that the end of the fourth and last line of the lot is at the same point. And this being so, it is not reasonable to suppose that it was the intention of the grantor that the third line should run beyond the east side of Howard street to the centre line thereof, and thence to the place of beginning. The result of this would be to convey a triangular lot or strip of land in the bed of Howard street, bounding neither on Howard street nor on the centre line thereof—which would certainly not be consistent with the description found in the deed. In the case of *Sibley* v. *Holden*, 10 Pick. 249, in considering a case very similar to the one now before us, the Supreme Court of Massachusetts uses this language: " The question is whether when the description returns to the road again, it shall be taken to mean the side or the centre of the road. If construed to the centre, then the remaining line would be neither by the side of the road nor the centre, but by a diagonal line from a point in the centre to a point in the side. This would not only be obscure and inconsistent with any supposed intention of the parties, but repugnant to the last clause in the description which is ' by the said road,' to the place of beginning." And continuing, the Court says, " as one point in this line is fixed by the

description to the side of the road, we are satisfied that by a just and necessary construction the other point must be taken to be at the same side of the road, and therefore the soil of the road is not included."

It is contended that the case just cited has been repudiated, even in Massachusetts, and the case of *Dean* v. *Lowell*, 135 Mass. 55, was relied on to sustain this position. But in *Dean* v. *Lowell*, *Sibley and Holden* is not referred to in any way, and while the decision in the latter case is based upon the fact that as one end of the disputed line was indisputedly fixed on the side of the road, the other point must be there also, the conditions were entirely different in the former case. In *Dean* v. *Lowell*, the Court used this language: "The side of the road is not mentioned in the deed;" and again: "Neither the end or any other particular part of the wall is mentioned." It was contended that as the line in dispute ran "by the said road" to a stone fence, the line must run on the side and not in the centre of the road, because it was shown by the evidence that the stone fence terminated at the side of the road. But it was held that as neither the side of the road, nor any particular part of the stone wall was mentioned in the description, the general rule should prevail, and the deed was held to convey to the centre line of the road. But if one end of the disputed line had been fixed on the side of the road, it might have been well inferred in *Dean* v. *Lowell*, as was done in *Sibley* v. *Holden*, and the cases in this State, which will be presently noticed, that the bed of the road was not included nor intended to be, and thus, if the descriptions in the two deeds had been similar, the conclusions reached in the two Massachusetts cases above referred to, would have been the same, and, as we think, in accord with our own decisions.

The general doctrine that a call to bound on a public highway without more, will be presumed to be a grant to the centre of it, if the grantor owns the fee of the bed thereof, is well established in this State, but it is also quite

as familiar to us that this presumption is not conclusive. *Hunt* v. *Brown*, 75 Md. 483; *Sadtler's case*, 63 Md. 533; *Gould's case*, 67 Md. 60, and *Gump* v. *Sibley*, decided at January term, 1894.

It would unnecessarily prolong this opinion to examine in detail the cases just cited in order to show that by the rules of construction announced in all of them, the description in this case must be held not to include the eastern half of Howard street in front of the appellant's lot. In *Gould's case, supra,* it was said that the points of beginning and ending of lines, those points being designated corners of streets, as in the case before us—" fix the beginning and ending of the lines with as much certainty and positiveness as if stones had been called for in the deed." In the description, we are now considering the point of the beginning and ending is the southeast corner of Howard and German streets. This point, as we have seen, is the beginning of the first and the ending of the fourth line, which latter " bounds on Howard street." In the absence of any clear intimation in the deed to the contrary, we must assume that both ends of the line are either on the centre or side line. Here we have one end of the disputed line on the side line of Howard street, and the other end will, therefore, be on the same side of the street, and the line itself will run thereon. As was said in *Sibley* v. *Holden, supra,* when "one point in the line is fixed by the description to the side of the road, we are satisfied that by a just and necessary construction, the other point must be taken to be at the same side of the road." In *Sadtler's case,* the parties themselves placed the boundary stones on *the sides* of the road, and the calls were for these boundaries. But whether fixed by the parties themselves or not makes no difference (*Hunt* v. *Brown*), for the question is in every case what is the true construction of the deed. In *Sadtler's case,* we held, that as the boundary stones were on the side of the road, and the lines ended at them, the lines could not be extended to the middle of the road. It is true we have no stone boun-

dary in this case, but we have what in *Goula's case* was held to fix the lines with as much certainty, namely, the designated corner of two streets, which is necessarily on the sides of both streets. We cannot agree with the suggestion upon any reasonable construction, that the corner of two streets can be found in the middle thereof, namely, at the point where the centre lines of the two streets intersect.

Where one end of a line is fixed on the side of a highway, no rule of construction known to us will justify the location of the other end of that line in the centre of it. Such a location should be made only when required by express words to that effect.

By the Act of 1892, chapter 684, it is provided, in accordance with our suggestion made in *Hunt* v. *Brown, supra,* that title passes to the centre of the street or highway in all cases of devise, gift, grant or conveyance of land binding on any street or highway, or when any street or highway shall be one or more of the lines thereof, unless title to such street or highway is reserved *in express terms.* This Act, having been passed subsequent to the date of the deed here in question, is not applicable to this case. Agreeing with the learned Judge below, the judgment will be affirmed.

*Judgment affirmed with costs to the appellee.*

(Decided March 26th, 1895.)

BRYAN, J., dissented.