## JOHN G. ERDMAN ET AL. *vs.* GEORGE F. CORSE ET AL., EXECUTORS OF JOHN H. KEENE.

*Vendor and Purchaser—Marketable Title—Possession Under Color of Title—Specific Performance.*

A title to land based upon entry under color of title followed by long continued exclusive possession is good and marketable, although there may be serious defects in the paper title.

Where A. enters into possession of land under a deed to him and holds exclusive and adverse possession for nearly fifty years, he has a good marketable title, such as a purchaser may be compelled to accept. No reasonable doubt is thrown upon such title by the fact that in a conveyance of the land to A.'s grantor it was stated to be made subject to the adverse claims by possession or otherwise of certain named parties, as to a small part, when there is no evidence that the portion of the land sold to A.'s purchaser was subject to such claims and there was no reference to such claims in the deed to A.

When the contract for the sale of a farm provides that the vendor shall remove the occupants of the farm and deliver possession to the purchaser within a reasonable time, and the purchaser has refused to comply with the terms of sale, alleging a defect in the title, then in a bill for specific performance, where the vendor's title is shown to be good, it cannot be set up as a defence, that there is no evidence in the case that the vendor is ready to remove the occupants of the farm.

Appeal from a *pro forma* decree of the Circuit Court for Baltimore County.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and PEARCE, JJ. (Feb. 10, 1898).

*S. S. Field* (with whom was *Samuel Regester* on the brief),
for the appellant.

*D. G. McIntosh*, for the appellee.

ROBERTS, J., delivered the opinion of the Court.

The bill in this case is filed to enforce the specific per-
formance of an agreement for the sale of certain real estate
situate in Baltimore County. The land in question was
sold by the executors of John Henry Keene, Sr., in pur-
suance of the power contained in his will, and the sale was
reported to the Orphans' Court of said county for ratifica-
tion. The purchasers, who are the appellants here, have
excepted to the ratification of said sale, and allege two
grounds in support of their contention :

1. Because the title which the appellees are able to con-
vey is not good and marketable.

2. Because there is no proof in the record that the ap-
pellees were or are ready to comply with the contract of
sale of said property, which requires the appellees "to
remove the present occupants of said farm at their own
trouble and expense (if any), and deliver possession to the
appellants within a reasonable time from the date of the
contract."

Without considering or passing upon said exceptions, the
Orphans' Court directed the proceedings in reference to the
sale to be suspended in said Court, and authorized the ex-
ecutors to file their bill in the Circuit Court for the purpose
of enforcing specific performance of said contract of sale,
and thereby dispose of the questions raised by the appel-
lants as to the sufficiency of the title. The appellants hav-
ing answered the bill, testimony has been taken in support
of the respective contentions of the parties to this appeal,
and the Court has decreed *pro forma* that the appellees are
entitled to the relief prayed for, from which decree this ap-
peal is taken. No question arises here as to the power of
the executors to sell, nor is there any controversy over the

form or character of the written agreement for the sale of the land. The first question and the only one of importance presented for our consideration is as to the title of the land which has been sold. The appellees contracted to convey a " clear marketable title in fee," to the appellants. It is admitted that a title depending on adverse possession is such a title as equity will compel a purchaser to take, which admission is based upon the decisions of this Court in *Lurman* v. *Fowler,* 75 Md. 272 ; *Forman* v. *Wolf,* April term, 1894, unreported. By the terms of the contract of sale of the real estate in controversy here the appellees agreed to sell to the appellants, " the real estate of the said John H. Keene, Sr., situate in Baltimore County, mentioned in his said will and known as the ' Lauraville Farm,' " for the sum of twenty thousand dollars, to be paid upon delivery of the possession thereof. It appears that John Henry Keene, Sr., died in the year 1894, seized and possessed in fee of a tract or parcel of land, which includes the farm in question. By his will, the testator, after the happening of certain contingencies therein set forth, directed said farm to be sold, which has been done. The testator acquired title to the " Lauraville Farm " under the deed of conveyance to him of Charles Gehrman and wife, dated the 3rd day of January, 1846, and at that time entered into possession thereof and has continued in the undisturbed occupation and possession of the same to the time of his death. Prior to his death the testator had sold and conveyed a small portion of said farm, but that conveyance in no manner affects the question under consideration here. But the appellants contend that whilst the record of the case clearly shows that Mr. Keene was in the exclusive possession claiming adversely to all the world from the date of Gehrman's deed to him up to the time of his death, yet by the deed of David Stuart and wife to said Gehrman, dated June, 1844, there is to be found this clause, " subject, nevertheless, to the adverse claims by possession, or otherwise, of Amos Reed, William Scharf, —— Ettelman and —— Williams, respectively, and those legally

claiming under them, or of some person or persons to certain parts or portions of the aforesaid tract of land called Ensor's Study, containing in the aggregate of those claims, a quantity not exceeding thirty-five acres." The above clause is found in the deed from Stuart to Gehrman, executed in June, 1844, but no reference is made to it in Gehrman's deed to the testator Keene. There is no proof in the record which directly or indirectly tends to show that the land conveyed to the testator by Gehrman contains any part of that which is subject to the clause just quoted, or in any manner controlled by its terms. Assuming for the sake of the argument, that some of the parties mentioned in said clause are in being, the entry of the testator under the deed from Gehrman was made *bona fide*, he therefore acquired adverse possession and could not, by any reasonable interpretation of law, be considered as having acquired less than color of title. The Courts have concurred, almost without exception, in defining "color of title" to be that which *in appearance* is title, but which *in reality* is no title. " They have equally concurred in attaching no exclusive or peculiar character or importance to the ground of the invalidity of an apparent or colorable title ; the inquiry with them has been whether there was an apparent or colorable title, under which an entry or a claim has been made in good faith. *Wright* v. *Mattison,* 18 Howard (S. C.), 56. In *Hoye* v. *Swan's Lessee,* 5 Md. 248, it was said that ' it appears to be immaterial whether the title be valid or not ; provided the entry and claim be *bona fide* under that title.'" *Kopp* v. *Herrman,* 82 Md. 350 ; *Baker* v. *Lessee of Swann,* 32 Md. 358.

It is contended that the deed of Micajah Merryman and others to David Stuart, dated November, 1839, is defective because of the language contained in said deed, which immediately precedes the signatures of the grantors and reads as follows :

" *Memorandum :* The title to the aforesaid tract of land became vested in Mary Merryman, now deceased, the late

wife of Micajah Merryman, the elder, above named, either as a devisee or as one of the heirs at law of her father, John Ensor, the patentee of said tract. The said Mary Merryman departed this life leaving Micajah Merryman, Junior, above named, and Mary Merryman, who is now deceased, her only children and heirs at law. The said Mary Merryman, the younger, intermarried with George Todd, now deceased, and had children, viz: The said Sarah M. Taylor, Joshua F. Todd, George W. Todd and Merryman D. Todd; and after the decease of the said George Todd, the said Mary intermarried with —— Bucknall, by whom she had a child, namely, the aforesaid Mary Ann Bucknall; and which said Sarah M. Taylor, Joshua F. Todd, George W. Todd, Merryman D. Todd and Mary Ann Bucknall, are the only heirs at law of the said Mary Bucknall; the said Micajah Merryman, the elder, being entitled to a life-estate as tenant by the courtesy in said land." This, we think, was intended to accomplish and does in fact accomplish no other purpose than a mere *descriptio personarum* of the grantors in said deed and gives a somewhat more perfect identification of them. It certainly does not in any respect affect the character of the title, or in any manner detract from it as being a "good marketable title."

The objection to the title of Hickman's lot, containing three and a-half acres of land, is that "it is not accurately joined to or connected with the remainder of the lands agreed to be sold." There is nothing in the record which clearly or satisfactorily establishes the accuracy of the statement contained in this objection. But even if it did, what we have said concerning the other objections applies with equal if not greater force to this lot. A possessory title of the character shown by this record is good, even though there were serious defects in the paper title. *Lurman* v. *Hubner*, 75 Md. 268; *Rieman* v. *Wagner*, 74 Md. 478; *Hanson* v. *Johnson*, 62 Md. 25. "It has accordingly been held that a good title may be made, although the origin cannot be shown by any deed or will, by proof of such a

long, uninterrupted possession, engagement and dealing with the property as affords a reasonable presumption that there is an absolute title in fee-simple." *Thomas* v. *Dallas*, 5 Rich. Eq. 370 ; *Cottrill* v. *Watkins*, Beav. 361.

The appellants are in no position to justify them in their contention that there is no proof in the record that the appellees are not ready "to remove the present occupants of said farm and deliver possession thereof to said purchasers." After having resorted to all means at their command by which delay has ensued in placing the purchasers in possession of said property, they will not now be permitted to urge in their own behalf the delay which they have brought about and for which the appellees are in no sense responsible. In conclusion, after careful examination and consideration of all the objections urged against the title to the land in question which we have considered necessary to examine in passing upon the merits of this controversy, we are clearly of opinion that the title objected to is a good and marketable title, and free from all reasonable doubt and such as the appellants are required to accept. Finding no error in the *pro forma* decree of the Court below, we affirm the same.

*Decree affirmed with costs.*

(Decided April 1st, 1898).