TITLE, INCORPORATED *v.* WILLIAM S. DUBEL
ET AL.

[No. 64, October Term, 1939.]

*Decided November 29th, 1939.*

388

The cause was submitted on briefs to BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*J. Irvin McCourt*, for the appellant.

*Louis J. Jira* and *Powell Vickers*, for the appellees.

SLOAN, J., delivered the opinion of the Court.

By agreement dated April 15th, 1939, William S. Dubel and Mary R. Dubel, his wife, agreed to sell to Title, Incorporated, a Maryland corporation, and it agreed to buy, a tract of land situate in Havre de Grace, Harford County, for the sum of $6000, on account of which the vendee paid $500, and agreed to pay the balance in thirty days. The parcel of land so agreed to be bought and sold is part of an addition laid out many years ago, known as Hopper's Addition to the City of Havre de Grace, and the part covered by the agreement in this case is a rectangular lot, bounded by Ohio, Superior, Alleghany and Erie Streets. The plat filed as an exhibit by the defendant shows, and it is agreed to be true, that the lot is intersected by two streets, Columbia Street, one hundred feet wide, running north and south, and Huron Street, fifty feet wide, running east and west, and the land agreed to be sold includes the bed of these intersecting streets. The whole property was divided into squares of fourteen lots each, of which there are four squares here involved. Square 111, comprising Lots Nos. 614 to 627, both inclusive, and Square 134, comprising lots Nos. 473 to 486, bounded by Ohio, Superior, Alleghany and Huron Streets, are on the northerly side of the tract, Square 112, comprising lots 600 to 613, and Square 135, comprising Lots Nos. 459 to 472, bounded by Ohio, Huron, Alleghany and Erie Streets, are on the southerly side.

The vendee declined to pay the balance of the purchase money and the vendors thereupon filed a bill against it for the specific performance of the contract. The decree being for the plaintiffs, the defendant appeals.

The reason assigned by the defendant, in its answer, for its failure to comply with its contract, is that the plaintiffs have no title to the bed of the streets, Columbia and Huron, intersecting the property, and that they do not have a good and merchantable title to squares 112 and 135.

No oral evidence was taken, the case having been submitted upon bill, answer, exhibits, and agreed statement of facts.

With respect to the intersecting streets, it is agreed that they "* * * are paper streets only, the same never having been actually or physically laid out or opened, that the public has never used the same, and said streets have never been accepted by any authority for public use, for public highways or as dedicated streets," which are grown up in grass, weeds, and scrub trees, and have been in that condition for more than fifty years. With this stipulation, then they are not now and never were public streets. It is possible for a street to become public without acceptance by any public authority, but the facts agreed to do not show any kind of acceptance or user by anybody. *North Beach v. North Chesapeake Beach Land & Imp. Co.,* 172 Md. 101, 116, 191 A. 71; *United Finance Corp. v. Royal Realty Corp.,* 172 Md. 138, 148, 191 A. 81; *Suburban Garden Farm Homes Corp. v. Adams,* 171 Md. 212, 222, 188 A. 808.

The question then might arise as to who has the legal title to the fee in the platted streets. The deed from the owner who originally divided the property is not in the record. The oldest deed mentioned in the stipulation was made in 1867, and none of the deeds set out in the record have any reference to the title in the streets, until after the death of Augustus F. Brown. The Act of 1892, ch. 684 (Code, art. 21, sec. 98), provides that when any street or highway shall be one or more of the lines thereof, the title shall run to the center of the street or highway, unless the devisor, donor or grantor shall expressly reserve title in himself. This statute, however, does not affect a conveyance made prior to its passage. *Hunt v. Brown,* 75 Md. 481, 23 A. 1029; *Rieman v. Baltimore*

*Belt R. Co.*, 81 Md. 68, 79, 31 A. 444. From the view we take of the whole case as presented by the record, it is unnecessary to further discuss this point.

The two northerly squares, Nos. 111 and 134, were conveyed to Augustus F. Brown by Robert S. Rodgers, administrator of Jerusha Dennison, by deed of February 13th, 1867, and recorded in Harford County, and the stipulation says "* * * that about the same time he entered into possesion of the lots adjoining and herein before mentioned as Lots Nos. 459 to 472 (Square 135) both inclusive, and Lots 600 to 613, both inclusive (Square 112), and held title and exclusive possession of all of said lots, including the beds of Columbia and Huron Streets, to the time of his death in 1911," forty-eight years. Augustus F. Brown died a widower, in 1911, leaving a will whereby, by the eighth item, he devised to his daughter, Virginia Lee Dubel, named in the will Jennie Dubel, the twenty-eight lots of ground conveyed to him by Robert S. Rodgers, Administrator. He did not devise the other twenty-eight lots of which he had been in possession for forty-eight years to any one. The will did not have a residuary clause, so that whatever title he had descended to his five children and heirs at law, Thomas J. Brown, J. Wheeler Brown, A. Freeborn Brown, Rosa C. Brown, and Virginia Lee Dubel.

July 13th, 1912, the other four children and heirs of Augustus F. Brown conveyed to their sister, Virginia Lee Dubel, all their right, title and interest in and to the real estate and building lots devised to her by her father "* * * together with all the right, title, interest and estate of the said parties of the first part and each and every of them, in and to all other real estate or building lots in the said City of Havre de Grace owned by the said Augustus F. Brown or to which he was in any manner entitled at the time of his decease." Afterwards, September 29th, 1933, the property as described in that deed was conveyed to A. Freeborn Brown and his wife, who conveyed to William S. Dubel and Virginia Lee Dubel, his wife, as tenants by the entireties. Mrs Virginia Lee Dubel died in 1933, and Wiliam S. Dubel is now

married to Mary R. Dubel. March 15th, 1939, a deed was executed by the heirs of Augustus F. Brown to William S. Dubel, confirming the deeds of July 13th, 1912, and September 29th, 1933, and designating the twenty-eight lots south of Columbia Street, "* * * and also the beds of Huron and Columbia Streets that lie between the lots of ground in Squares 111, 112, 134, and 135, as shown upon said plat."

It was further stipulated:

"* * * That the said Augustus F. Brown, for many years during his lifetime, and his heirs at law, devisees and complainants herein, since his death, have always paid taxes to the State of Maryland, Harford County and the City of Havre de Grace, on the whole of the property described and referred to in the bill of complaint."

"That the title to the whole of said property was held by the said Augustus F. Brown during his lifetime by actual, exclusive, adverse possession, free of any claim or demands or the assertion of any rights thereto by any person whatsoever, and that since his death the title of his devisees and heirs at law, and the complainants hereto, has not been questioned by any person whatsoever under any right or claim and that they have been in quiet and peaceable possession thereof to the present day."

This is one of the cases in which the court is appealed to to give a certificate of title to property under a contract of sale and purchase. Ordinarily such cases come up on the construction of a will, deed, or contract, in which the decision would be good as against the world and would give the purchaser the security he desires before paying his money. This is not that kind of case. Here the title to one-half of the property agreed to be bought and sold depends on a possessory title. Such a title does not depend on record evidence; it must be established by parol (*Potomac Lodge No. 31 v. Miller*, 118 Md. 405, 84 A. 554), but when so proved it may be sufficient to oust the holder of the record evidence or legal title. *Erdman v. Corse*, 87 Md. 506, 40 A. 107. It has been often held that one who agrees to buy a possessory title will be held

to his bargain. Some of the cases have come up on exceptions to judicial sales, where all or part of the property reported as sold is a possessory title, and, whenever the evidence showed a continuous, uninterrupted, adverse possession of more than twenty years, the exceptions have been overruled and the sales ratified. *Lurman v. Hubner,* 75 Md. 268, 23 A. 646; *Cook v. Councilman,* 109 Md. 622, 72 A. 404; *Peper v. Traeger,* 152 Md. 174, 136 A. 537; *Wickes v. Anderson,* 171 Md. 579, 189 A. 807. In the case of *Arey v. Baer,* 112 Md. 541, 544, 76 A. 843, 845, it was said: "This court has decided in a number of cases that in a proper case specific performance of a contract relating to land will be decreed, where the title rests in adversary possession." In that case the objection was to an alley which ran through property contracted to be bought and sold, the title of the vendor in the portion covered by the alley being possessory, and the court there held, on the facts, that the vendee was bound.

In this case it is admitted by the agreed statement that Augustus F. Brown, when he died in 1911, had been in undisputed possession of the entire property, including the platted streets, for over forty years, so that when he died the property was his, and during all those years and ever since no one has disputed the title. When he died the property was his, and went, one-half to his daughter by will, and the balance, including the intersecting streets, went to his heirs. According to the record his children inherited the land. When four of them conveyed a four-fifths interest in land to which their father had, according to the record, title when he died, it was not their possession for twenty years, but their father's which they had inherited, and conveyed. We do not decide that the appellees' title is good, but we do say that on the record there is no reasonable doubt of the appellees' title to the property which they have agreed to sell and the appellant to buy, and the decree appealed from should be affirmed.

> *Decree affirmed, each party to pay half the costs.*