JEROME L. TAUSSIG, ET UX. *v.* EVERETT K. VAN DEUSEN, ET UX.

[No. 31, April Term, 1944.]

*Decided June 14, 1944.*

The cause was submitted to MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, MELVIN, BAILEY, and CAP-
PER, JJ.

Submitted on brief by *John S. Stanley, J. Sarsfield
Sweeney,* and *Hershey, Donaldson, Williams & Stanley,*
for the appellants.

Submitted on brief by *G. W. S. Musgrave* and *James E.
Stewart* for the appellees.

COLLINS, J., delivered the opinion of the Court.

On April 21, 1942, Jerome L. Taussig and Hedwig T.
Taussig, his wife, entered into a written agreement with
Everett K. Van Deusen and Dorothy Van Deusen, his
wife, to purchase a parcel of land containing 20 acres
together with improvements thereon situated in Anne
Arundel County for the price of $5,550, of which $500
was paid on the execution of the contract, and the bal-
ance was to be paid on or before the 1st day of June,

1942. The purchasers refused to pay the balance of the purchase price, claiming that the sellers were unable to convey to them a good and unencumbered estate in fee simple. Whereupon Everett K. Van Deusen and Dorothy Van Deusen, apellees here, filed a bill for specific performance of the contract against Jerome L. Taussig and Hedwig T. Taussig, appellants here, in the Circuit Court for Anne Arundel County. After answer and stipulation were filed and testimony submitted, the Chancellor, by decree dated March 22, 1944, ordered specific performance of the contract from which decree the appellants appeal to this Court.

It was stipulated and agreed between the parties that the only part of the tract agreed to be sold to which they question the title is two thirds of one lot, No. 88. Appellants also object to taking title for the reason that certain streets or avenues were laid out through the tract of land about the year 1871 by a plat recorded among the Land Records of Anne Arundel County and to a right of way granted in January, 1934, to the Consolidated Gas, Electric Light and Power Company for the purpose of enabling that company to maintain an electric line over certain property. In this case we are therefore concerned only with the title to two-thirds of lot No. 88, the avenues running through the property, and the right of way granted for an electric line.

In 1871 John Hubner conveyed certain lands, of which the tract in question is a part, to Thomas J. Simpson, who later laid out three avenues through the property and sold a number of lots, including lot No. 88. The record title to this lot No. 88 appears to be defective. After numerous conveyances of the tract of which the land in question is a part, in 1906 it was sold to Herman Winter, who had the property surveyed and a description written therefrom describing the tract by metes, bounds, courses and distances, which description was incorporated in the deed and which contained the land covered by the contract of sale now before this Court. The appellants admit that Herman Winter went into possession of

the entire tract, including the lot in dispute, under the deed given him in 1906 under color of title.

On November 24, 1938, Herman Winter and wife conveyed 30.4 acres of land to the appellees herein of which the tract covered by the contract of sale is a part.

The question before this Court is whether the appellees have acquired a title that can be safely accepted by the appellants.

Herman Winter and Mary Winter, his wife, testified that when they purchased the property in 1906, they had it surveyed, went into possession of it, caused the same to be fenced in and kept fenced, cultivated the property as a farm and have ever since resided upon some part of it; that in 1938 they conveyed 30.4 acres to the appellees, who took possession and resided upon it until June, 1942, when the agreement of sale in this case was executed. They further stated that at no time since they entered into possession of said tract has any one ever laid claim to ownership of any lot or lots in said tract and that they never heard of the possibility of such a claim until this case arose. They further say that not at any time during said period have any avenues, streets or highways been opened or used upon said tract of land, but the whole thereof has been continuously fenced in by them and the Van Deusens and used solely as a farm. They say that they continuously paid the taxes on the property in dispute from 1906 to 1938 and upon the remaining portion thereof which they still own from 1938 to 1943. During the entire period from 1906 to November, 1938, they held uninterrupted, continuous, undisputed and notorious possession of said land under contract, and no one has at any time claimed ownership of any lots or the right to use any avenues, streets or highways over or upon the said land.

Dorothy Van Deusen, granddaughter of Herman Winter, and her husband, appellees, say that they have occupied the land of which the tract in question is a part from November, 1938, until June, 1942, when the tract under contract was sold to the appellants, who went into

immediate possession and still occupy it. Mrs. Van Deu-sen says that she has been familiar with the property all her life and knows that her grandfather has continuously used it as a farm and kept it fenced. They say that at no time have they ever heard of any claimant to any lot or lots thereon or the right to use any evenues, streets or highways nor have any such ever existed.

Three other witnesses substantiate the testimony of the Winters and the Van Deusens.

Appellants admit that the testimony of the witnesses for the appellees indicates that all of the property was actually enclosed and used by the appellees. No testimony was offered by the appellants.

During the period from 1906 to the date of testimony in 1943, no one having made any claim for any part of the land and no recognized right having been in any one except the Winters and Van Deusens, this Court finds that under the testimony, adverse possession sufficient to support a title in the appellees exists. *Stump v. Henry,* 6 Md. 201, 61 Am. Dec. 300; *Erdman v. Corse,* 87 Md. 506, 40 A. 107; *Sowers v. Keedy,* 135 Md. 448, 109 A. 143; *Peper v. Traeger,* 152 Md. 174, 136 A. 537; *Novak Realty Co. v. Trustees of Orphans' Home,* 153 Md. 390, 138 A. 250; *Parks v. Welch,* 174 Md. 548, 199 A. 506.

The avenues and streets laid down on the plat were never actually laid out on the ground, and they have never been used nor has any one claimed the right to use them nor has there been acceptance by the public or by any public authority. The filing of the plat was nothing more than an offer which does not become a dedication until accepted. *Beale v. Takoma Park,* 130 Md. 297, 100 A. 379; *Mullan v. Hochman,* 157 Md. 213, 145 A. 554; *North Beach v. Land & Improvement Co.,* 172 Md. 101, 191 A. 71; *Title, Inc., v. Dubel,* 177 Md. 387, 9 A. 2d 591. It is certain from the testimony that since 1906 the part of the avenues or streets which ran through the property in question has been fenced in and farmed. If there ever was any easement over the streets and avenues, such easement under the facts in this case has been lost and

is not a cloud on the title. *Canton Co. v. Baltimore City,* 106 Md. 69, 66 A. 679, 67 A. 274, 11 L. R. A., N. S., 129; *Bonsal v. B. & O. R. Co.,* 138 Md. 309, 113 A. 751; *United Finance Corp. v. Royal Realty Corp.,* 172 Md. 138, 191 A. 81.

According to the stipulation filed, the Consolidated Gas, Electric Light and Power Company was granted a right of way by Herman Winter and wife on January 27, 1934. It is not shown that this easement touches the property in question here, but as well pointed out by the Chancellor in his opinion, if it does, the defendants must have known it was there when they bought the property as an electric line is very apparent. For an easement to be a good defense against specific performances, it must be shown that such easement materially depreciates the value of the property. Electricity in homes is an advantage and not a detriment and a material element in helping the sale of property, and it certainly does not depreciate the value and is not such an easement as to defeat specific performance. *Suburban Garden Farm Homes Corp. v. Adams,* 171 Md. 212, 188 A. 808.

Appellants contend that it would be unfair and unreasonable to require them to accept the title offered by the appellees when at any time the unknown successors of the record owner of the lot in dispute may make claim upon them and offer evidence which contradicts that presented here and thereby subject the appellants to undue inconveniences and expense in defense of their rights and possible loss of a valuable part of their property. Generally speaking, the proper parties to a suit involving adverse possession of real property are those who claim ownership. Persons who have a possible interest in real estate are proper, though not necessary, parties to a suit by those claiming adversely to them against those to whom they have contracted to sell the property, to determine the validity of the vendors' title. 1 *American Jurisprudence,* p. 923, Section 230; *St. Peter's Church v. Bragaw,* 144 N. C. 126, 56 S. E. 688, 10 L. R. A., N. S., 633. As between vendors and vendees, in cases of specific

performance of real estate, as a general and almost universal rule, the Court is bound " 'to ascertain and determine, as best it may, what the law is, and to take that to be the law which it has so ascertained and determined,' *Alexander v. Mills,* L. R. 6 Ch. 124; *Osborne v. Roulett,* 13 Ch. Div. 774; *Forster v. Abraham,* 17 Eq. 351"; *Chesman v. Cummings,* 142 Mass. 65, 67, 68, 7 N. E. 13, 14, 15; *Harvard Law Review,* Vol. LVII, No. 4, pp. 575, 576. The possibility that the Court may, at some time in the future, when other parties are before it, disregard its own precedent, and decide the same question, depending on the same facts or different facts, in a different way is so remote that it should not be permitted to arrest the development and interfere with the salability of land, possibly for a long period of time. *Ebling v. Dreyer,* 149 N. Y. 460, 44 N. E. 155.

It is true that specific performance of contracts by courts of equity is not a matter of absolute right in the parties applying but of sound discretion in the Court to be exercised upon consideration of all the circumstances in the case, and the Court will be controlled in the exercise of its discretion by established doctrines and settled principles. Where the Court is satisfied that the action asked for is fair, just and reasonable in every respect, the remedy will be granted. *Semmes v. Worthington,* 38 Md. 298; *Powichdrowski v. Sicinski,* 139 Md. 376, 384, 114 A. 899; *Gordon v. Gross,* 141 Md. 490, 119 A. 267; *Camden Sewer Co. v. Salisbury,* 162 Md. 454, 460, 160 A. 4; *Flack's Code,* 1939, Article 57, Section 10. The mere fact that the vendors' title depends upon adverse possession is no defense to a bill for specific performance. *Bullock v. Staylor et al.,* 125 Md. 699, 96 A. 398. We therefore conclude that there is no reasonable doubt of appellees' title to the property which they have agreed to sell and the appellants have agreed to buy, and the decree appealed from will therefore be affirmed. *Peper v. Traeger,* supra, 152 Md. 174, 181, 136 A. 537; *Title, Inc., v. Dubel,* supra, 177 Md. 387, 392, 9 A. 2d 591.

*Decree affirmed with costs.*