ARCADIA INVESTMENT CORPORATION, INC. *v.* CROWN CORK & SEAL Co., INC.

[No. 104, October Term, 1947.]

*Decided February 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

Submitted on brief by *Semmes, Bowen & Semmes* and *Lawrence Perin* for the appellant.

Submitted on brief by *Roger A. Clapp* and *Hershey, Donaldson, Williams & Stanley* for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

This is a bill for specific performance and a declaratory decree filed by the vendor of certain real estate in Baltimore City against the vendee. The defense is inability to convey a good and merchantable title to certain

private alleys and parts of alleys included in the land contracted for. The vendor admits it has no title of record to these alleys, but claims adverse possession for more than twenty years. The Chancellor so found, decreed that the vendor could convey merchantable title, and directed the payment of the balance of the purchase money which had been retained pending the determination of the case. The greater part of the consideration had been paid, and the deed had been given. The vendee appeals.

The contract of sale includes the entire block known as the 1500 block Guilford Avenue. In 1888 the owners of adjacent lots in this block executed a deed by which they established certain alleys and fixed the boundary lines of their properties. When two of these owners afterwards sold and conveyed their lots, the deeds called only to the alleys. These deeds were executed prior to the Act of 1892, Ch. 684, Code, Art. 21, Sec. 114 (*Maryland Telephone Co. v. Ruth,* 106 Md. 644, at page 651, 68 A. 358, at page 359, 14 L. R. A., N. S., 427, 124 Am. St. Rep. 506, 14 Ann. Cas. 576; *Campeggi v. Wakefield,* 157 Md. 229, at page 237, 145 A. 546, at page 549), and therefore did not pass title to the center of the alleys. *Title, Inc. v. Dubel,* 177 Md. 387, at page 389, 9 A. 2d 591, at page 592. As a result, title to these alleys, or portions thereof, remained in the grantors. Both of these two grantors are now dead, and none of their heirs, devisees or successors are made parties to this case.

In 1915 the appellee obtained title to the entire block with the exception of these alleys or parts of alleys. Since 1916 these alleys have been almost completely closed by buildings erected upon them. At one end of one alley, not entirely occupied by a building, there is an iron fence which closes it. Across part of another alley, not built upon in its entirety, there is constructed a passage-way. The buildings, the fence and the passage-way have been continuously maintained since 1916, and have prevented others than these holding title to the remainder of the block from making any use of the alleys. All of these

facts are admitted, and clearly show adverse possession.

Appellant does not contest any of these facts, but contends that before merchantable title can be decreed, the heirs, devisees and successors in title of the two former owners who had record title to the alleys, should be made parties to this cause, and be given an opportunity to present their claims.

We have decided in a recent case that such successors of the record owners are proper but not necessary parties to a bill for specific performance. *Taussig v. Van Deusen*, 183 Md. 436, 37 A. 2d 915. Courts cannot guarantee titles, and it is always a possibility, although generally a remote one, that in subsequent proceedings where other parties present different facts, different results may be obtained. But this possibility does not prevent a decision between vendor and vendee when the facts presented are sufficient. Then the courts will not hesitate, but will decree performance. Any other course might interfere with the free marketing of land, and might prevent its full use for many years. It would be against public policy to allow a mere remote possibility to prevent a decision which is clearly indicated by the facts before the Court.

As we find, in this case, that the vendor has conveyed a merchantable title to the vendee, the decree will be affirmed.

*Decree affirmed, with costs.*