ZIEGLER ET UX. *v.* VICKERS ET VIR.

[No. 15, October Term, 1951.]

390

*Decided November 1, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

Submitted on brief by *Richard H. Stevenson* for the appellants.

Submitted on brief by *S. Marvin Peach, Bernard J. Medairy, Harry E. Goertz* and *Joseph Loeffler* for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a decree directing the specific performance of a contract to purchase land.

By agreement on August 16, 1950, the appellees agreed to sell to the appellants for the sum of $2,000.00 and the appellants agreed to purchase from the appellees, a lot of land described as follows: "Situate and lying in the town of Laurel, Prince George's County, State of Maryland, located on Second Street, and described as follows: Beginning one hundred and fifty (150) feet South from the northwest corner of Main and Second Streets, thence north binding on the westerly side of Second Street four hundred and ninety-nine (499) feet, more or less to the Patuxent River thence along the said river one hundred and fifty-four (154) feet nine inches, more or less, thence southwesterly parallel with Second Street six hundred and six (606) feet, more or less, to

the north side of the Water Estate Lot, thence south-easterly one hundred and eighteen (118) feet two inches more or less to the place of beginning, and more fully described in a deed from Mildred B. Sherbert, widow, to Beatrice E. A. C. Vickers, Recorded among the Land Records of Prince George's County in Liber No. 1025, folio 418." The appellants paid $200.00 on the execution of the contract but refused to pay the balance of the purchase price on the due date, claiming that the appellees are unable to convey to them a good and merchantable title for the land to be conveyed. Whereupon the appellees filed a bill for specific performance of the contract against the appellants. After answer filed and the taking of testimony, the chancellor decreed specific performance of the contract. From that decree, the appellants appeal.

The record discloses the following: On May 27, 1882, Williamanna Constable, et al, conveyed a tract of land of which the lot in question is a part, to James Nelson Herbert. By his last will, James Nelson Herbert devised the property, of which the land in question is a part, to his daughter, Ella Harrison, and to his widow, Rachel Herbert, each to receive one half of the income therefrom during the life of the said Rachel Herbert, and at her death, the same to vest in the said Ella Harrison absolutely. On May 1, 1908, Rachel Herbert conveyed all her interest in that property to Ella Harrison by deed recorded among the Land Records of Prince George's County in Liber 42, Folio 513. Ella Harrison and her husband, not paying their taxes for the year 1919, their entire property, of which the lot in question is a part, was sold for taxes in 1920. Some of the property, of which the lot in question here is not a part, was purchased by one Griffith and the remainder was bought in by Prince George's County. On December 18, 1922, Herman E. Burgess, Treasurer of Prince George's County, deeded to Mary S. Osbon in fee simple: "all that tract of land in the tenth Election District, of Prince George's County, Maryland, described as follows: Part of Lot

on Second Street, Laurel, formerly owned by Ella Harrison and Lot numbered ten (10) in Block numbered thirty seven (37) in the subdivision known as Oak Crest, as per plat thereof recorded among the said Land Records in Liber . . . folio . . .; being the same property described in a deed recorded among said Land Records in Liber No. 42, folio 513, together with the buildings and improvements thereon rights, roads, ways, privileges, thereto belonging." It is questioned whether the description in this deed is too vague to identify it as the property here decreed to be sold. It is not necessary that we pass upon that question.

The appellants in their brief admit: "The property mentioned in the contract of sale is located in the town of Laurel, Prince George's County, and has a width of about 118 feet with an uneven depth running back to the Patuxent River and contains 1½ acres more or less, and is known as the Osbon lot on Second Street. The property is unimproved. Mary S. Osbon, the mother of the appellee, Beatrice E. A. C. Vickers, took title to said land in 1922, departed this life in 1945, and by her last will and testament the land descended to Mrs. Vickers; on April 2, 1948, a deed of conveyance was executed by Mrs. Vickers and her husband to Mildred B. Sherbert, who in turn re-conveyed to them on the same day, by a deed recorded in Liber 1025, folio 418, among the Land Records of said County."

Arthur L. Vickers, one of the appellees and a member of the Maryland Bar, testified as to the record title hereinbefore set forth. He also said that he "went to Laurel to live with Mrs. Osbon when she bought the Hotel property in 1921, and in 1922 she bought the lot on Second Street, which I have described here, being known as the Osbon lot on Second Street." He has never heard through family history or otherwise of any dispute between adjoining owners with Mrs. Osbon as to the lines of the lot known as the Lot on Second Street. After Mrs. Osbon bought the lot in 1922 she used it for pasture for horses, cows, and a goat. In 1923

she built a horse barn and stables on the lot and trained race horses there. She had a training ring on the lot and used it until shortly before she died. When not using it for training horses and for pasture, she had a garden there and raised corn and fruit. The lot is bounded on the south side by a fence, on the southeast by Second Street, on the northeast by the Patuxent River and on the northwest by the Osbon Hotel property. Mr. Vickers further said that he obtained the boundary lines as set out in the agreement of sale and on the sketch offered in evidence from the several deeds of record.

Beatrice E. A. C. Vickers, the other appellee, and the daughter of the late Mary S. Osbon, testified that she inherited the lot in question from her mother and conveyed it to Mildred B. Sherbert and had it conveyed back to herself to get a better description and title of the property. Her testimony was the same as that of her husband as to the occupancy and use of the property by her mother, Mary S. Osbon. She said that there had never been any dispute about the boundary lines of the lot and that she and her mother had occupied it since 1922, "openly, notoriously and without interference from any other person."

Albert A. Holman testified that he had lived in Laurel since 1921. He knew Mary S. Osbon. He recognized the sketch of the lot which had been made by Mr. Arthur Vickers. He said Mrs. Osbon had a barn on the lot for race horses and a corral for the purpose of exercising the horses. She also used it for pasture, a garden and raised corn there. The lot was "fenced in all around". He clearly identified the boundaries of the lot and said that Mrs. Osbon and later Mrs. Vickers were recognized as the owners.

John W. Gaither, age 54, testified that he had known the lot in question all his life and worked it on shares for Mrs. Osbon after she bought it. He planted corn and vegetables there during Mrs. Osbon's life and had attended to it since that time. Mrs. Osbon built a barn for race horses. The lot was fenced and he has never

heard any dispute about the boundaries. He worked for Mrs. Osbon from the time she bought the lot until her death and had worked for Mrs. Vickers since that time.

During the period from December 18, 1922, to the date of Mrs. Osbon's death in 1945, under the facts and circumstances here presented, no one having made any claim for any part of the lot in question, and no recognized right having been in anyone except Mary S. Osbon, this Court finds under the testimony here presented that adverse possession existed sufficient to support a title in the appellees. *Parks v. Welch*, 174 Md. 548, 199 A. 506; *Taussig v. Van Deusen*, 183 Md. 436, 440, 37 A. 2d 915; and cases there cited. The mere fact that the appellees' title depends upon adverse possession is no defense to a bill for specific performance. *Bullock v. Staylor*, 125 Md. 699, 96 A. 398. *Taussig v. Van Deusen, supra*, 183 Md. at page 442. Concluding that under the facts and circumstances here presented there is no reasonable doubt of the appellees' title to this lot, which they have agreed to sell and the appellants have agreed to buy, the decree will be affirmed. *Taussig v. Van Deusen, supra*, 183 Md. at page 442; *Oak Lane Corp. v. Duke*, 196 Md. 136, 75 A. 2d 80; *Southern Maryland Agricultural Assoc. v. Meyer*, 196 Md. 31, 75 A. 2d 89.

*Decree affirmed, with costs.*