POLLACK ET UX. *v.* BART

[No. 111, October Term, 1952.]

*Decided April 17, 1953.*

Before SOBELOFF, C. J., and DELAPLAINE, COLLINS HENDERSON and HAMMOND, JJ.

Submitted on brief by *Aaron A. Baer* for the appellants.

Submitted on brief by *Joseph Loeffler* and *Harry S. Kruger* for the appellee.

SOBELOFF, C. J., delivered the opinion of the Court.

The sellers and the buyer of a parcel of land are here engaged in a joint effort to litigate out of existence certain restrictive covenants touching the land.

The action takes the form of a bill for specific performance of a contract for the sale of a lot on Liberty Heights Avenue and Ocala Avenue in Baltimore City. The only parties are the owners and the purchaser, both of whom are interested in having the restrictions nullified. Owners of the neighboring property for whose benefit the restrictions were imposed are not before the court. The parties stipulated the facts below, and submitted the case without oral argument in this court. This is in no sense an adversary proceeding.

The stipulation asserts that deeds, extracts from which are therein quoted, contain certain restrictions common to this lot and to five others, all located in the block on the south side of Ocala Avenue running east from Liberty Heights Avenue toward Reisterstown Road. Restrictions incorporated in these deeds require certain minimum setbacks, forbit the erection of "more than one house or dwelling" on each lot, and forbid row houses.

Facts are set forth designed to show alleged violations by some, not all, of the neighbors in this block by converting their houses into two or three family apartments. Whether this constitutes a violation was not argued but assumed, without anyone being present below or here to question the assumption. The setback provisions are not alleged to have been violated, nor have the prohibitions against row houses been breached.

Other facts are set forth showing that in the general neighborhood, even directly across the street, row houses have been built. It is maintained by the sellers, unopposed by the buyer, that these charges warrant a decree declaring *all* the restrictions inoperative, opening the way to the construction of row houses on the lot which is the subject of the contract. Hence, the sellers argue, specific performance should be granted. The

purchaser, while formally raising the question as to the state of the restrictive covenants, in a two-paragraph brief, merely says that he is prepared to buy if the court declares the title free from restrictions. Obviously, sellers and purchaser understand that the latter wishes to buy the land for row houses, and specific performance is not to be granted unless the restrictions are declared inoperative.

Upon the submission made to it, the Circuit Court for Baltimore City declined to grant the relief prayed and dismissed the bill. The opinion declared that as there was at least one owner in the block who had not waived the restrictions, relief must be denied. The opinion added that, notwithstanding significant changes in the neighborhood, it is beyond the court's "power to vary or change the uses that seem definitely settled upon the land by prior deeds."

It is not necessary—indeed it is not desirable and may not be proper on this record—to decide whether or not any of the owners of property in this block of Ocala Avenue have violated the restrictions which appear to have been set up for the reciprocal advantage of the lot owners in that block. We agree with the Chancellor that proof of violations of some of the restrictions by some of the owners on the south side of the 2500 block Ocala Avenue would not necessarily result in a waiver or surrender, thus vitiating the complementary restrictions on the appellants' property.

We do not agree, however, that decisions in restrictive covenant cases turn solely on the question of such waiver or surrender. Nor, in deciding whether there is any vitality left in a restrictive covenant is the court limited to a consideration of changes in the immediate block or subdvision where mutual covenants were imposed. The court may look to developments in a wider area to ascertain if they have affected the property in question. The object of the inquiry is to learn whether the reasons for the imposition of the restrictions continue to exist. Recently Chief Judge Marbury, in the case of *Talles v.*

*Rifman,* 189 Md. 10, 53 A. 2d 396, and Judge Delaplaine in *Norris v. Williams,* 189 Md. 73, 54 A. 2d 331, 4 A. L. R. 2d 1106, discussed the subject and cited numerous cases, which need not be repeated here.

The Chancellor was in error in limiting his consideration to the question of waiver by lot owners in the block. We intimate no opinion as to weight to be given in this case to the alleged facts as to changed neighborhood conditions; we merely hold they are entitled to be weighed.

Whether or not a restriction has been waived, or other changes in the neighborhood affect the property in such a way as to make the restriction no longer necessary or appropriate despite the recorded instruments, is to be determined by parol evidence. Such facts and circumstances and their interpretation are readily subject to dispute, and they ought not to be determined in the total absence of opportunity to parties interested in championing the restrictions. It is impossible to read the present record with confidence that in a properly contested case nothing could be advanced to challenge facts which the appellants and the appellee have jointly stipulated, or the legal conclusions to be predicated upon them.

An equitable restriction on land has been held to be a property right in the person in favor of whose estate it runs or to which it is appurtenant. *Riverbank Imp. Co. v. Chadwick,* 224 Mass. 424, 113 N. E. 215, and 228 Mass. 242, 117 N. E. 244, L. R. A. 1918B, 55; *Roscoe Pound, The Progress of the Law,* 33 Harvard Law Rev. 813.

Like this case, *Bealmear v. James,* 147 Md. 274, 128 A. 40, 41, was one for specific performance of a real estate contract. There too, the question was whether or not certain restrictions, assumed to be valid originally, had been abandoned and disregard of them acquiesced in. In denying a decree, this Court said: "It cannot be said, therefore, beyond a reasonable doubt, that this property may not be subject to the restriction, nor can

it be said that other persons owning other lots affected by the restriction, who are not before the court in this case, will not be permitted to enforce it. Whether this restriction has been waived or abandoned generally is a matter of fact depending upon acts and conduct, and we would not attempt in this proceeding to determine the rights of lot holders, which might be very seriously affected by such a decision, because such persons are neither before the court nor represented."

The Court's opinion then quotes par. 694 of *Miller's Equity*, in which this language is found: "The decree being a judgment *in personam* and not *in rem* binds only those who are parties to the suit and those claiming under them; and in no way decides the question in issue as against the rest of the world."

See also *Taussig v. Van Deusen*, 183 Md. 436, 441, 37 A. 2d 915.

This is still the law of this State, and we think it not amiss to call attention to it. In order to avoid the possibility of litigation by third parties at a later date, it is well to remember that any decree that may be issued does not finally adjudicate rights of persons who are neither before the Court nor represented. A suit that totally ignores such interests may not attain the objective of the seller and buyer to settle the status of the restrictions, and the decree may prove illusory.

Accordingly, under the authority of Article 5, Section 42, of the Code, this case will be remanded, without affirmance or reversal, for further proceedings consistent with the views expressed in this opinion.

> *Case remanded, without affirmance or reversal, for further proceedings consistent with the views expressed in this opinion.*